[S. F. No. 11044. In Bank.—September 4, 1924.]

## WESTERN PIPE & STEEL COMPANY OF CALIFORNIA (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — DEPENDENCY OF NONRESIDENT PARENTS—PRESUMPTION—EVIDENCE.—There is no presumption of dependency in the case of nonresident parents of a deceased employee. That question must be determined in accordance with the fact as the fact may be at the time the decedent received the injury.

[2] ID. — PARENTS OF DECEASED EMPLOYEE RESIDING IN FOREIGN COUNTRY—PARTIAL DEPENDENCY OF—OBJECTION TO FINDING—NATURE OF—EVIDENCE.—In a proceeding to annul an order of the Industrial Accident Commission awarding compensation to nonresident parents of a deceased employee, in view of the record which shows in substance that the deceased caused remittances, averaging from twenty dollars to twenty-five dollars a month, to be sent to his parents in a foreign country, a number of such remittances being substantiated by receipts issued by forwarding agencies, and that the deceased gave as the reason for sending these amounts to his parents that they were in need and did not have enough to eat, and it was necessary for him to send them money, the objection that the finding of the commission as to partial dependency of the parents upon the deceased is not supported is in the nature of a demurrer to the sufficiency of the evidence.

[3] ID.—EVIDENCE—RULES OF COMMISSION.—In such proceeding, other, and better, evidence might possibly have been produced tending to shed light upon the question of the dependency of the parents, but no order or rule of the Industrial Accident Commission may be invalidated because of the admission into the record, and use as proof of any fact in dispute before it, of any evidence not admissible under the common law or statutory rules of evidence.

[4] ID.—DEPENDENCY—FINDING—EVIDENCE.—In such proceeding, the finding of the Industrial Accident Commission as to the partial dependency of the parents of the decedent is supported by the evidence.

[5] ID.—PARTIAL DEPENDENCY—BENEFITS.—In cases of partial dependency, the dependents, in addition to the reasonable expenses of

1. Recovery of compensation by nonresident alien dependents, notes, Ann. Cas. 1912D, 862; Ann. Cas. 1918B, 634; 13 A. L. R. 686; L. R. A. 1918F, 496. See, also, 28 R. C. L. 781.

burial of the decedent, not exceeding one hundred dollars, shall be allowed a benefit fixed by the statute at three times the annual amount devoted by the deceased to the support of his dependents.

[6] ID. — DEPOSITION — REQUEST FOR CONTINUANCE—DENIAL OF—PROCEDURAL ERROR — JURISDICTION — CERTIORARI. — In such proceeding the action of the commission in denying the application of the employer for a continuance to enable it to take the deposition of the parents of the deceased made at the conclusion of the hearing before the commission, the very most that can be charged against it, was nothing more than an error in the proceedings of the commission which did not go to its jurisdiction to make the award in favor of the parents; and, consequently, it does not constitute a ground of review on *certiorari.*

(1) Workmens' Compensation Acts, pp. 56, 59, sec. 49 (1926 Anno.).
(2) Workmens' Compensation Acts, p. 123, sec. 127 (1926 Anno.).
(3) Workmens' Compensation Acts, pp. 115, 124, secs. 113, 128.
(4) Workmens' Compensation Acts, p. 115, sec. 114. (5) Workmens' Compensation Acts, p. 100, sec. 96 (1926 Anno.). (6) Workmens' Compensation Acts, p. 120, sec. 123.

PROCEEDING in Certiorari to annul an order of the Industrial Accident Commission awarding compensation. Award affirmed.

The facts are stated in the opinion of the court.

Eugene D. Bennett and Edgar C. Chapman for Petitioner.

Warren H. Pillsbury for Respondents.

WASTE, J.—This is a petition for writ of review, after an award made by the Industrial Accident Commission to the father and mother of one Joe Zani, deceased, who lost his life through injuries received while in the employ of the petitioner. The award was based upon the finding of the Commission that the father and mother of the decedent, residents in Italy, were partial dependents upon their son at the time of his death, and that the deceased was contributing to the support of his parents at the rate of $240 a year. The petitioner contends that the evidence before the Commission was not sufficient to support its finding of partial dependency.

[1] There is no presumption of dependency in the case of nonresident parents of a deceased employee. That question

must be determined in accordance with the fact as the fact may be at the time the decedent received the injury. (Workmen's Compensation Act [Stats. 1917, p. 844], sec. 14 [2b].) The decedent in this case worked in the oil fields and received good wages. His personal expenses appear not to have been very large. There is evidence that once a month, for a period two years prior to his death, and about the time he received his pay checks from his employers, he called at the office of a notary and general adviser to the Italian colony in Los Angeles, to whom he gave money to send to his father and mother in Italy. Sometimes the money was sent through various forwarding agencies; at other times through money orders, and sometimes in currency. These remittances averaged from $20 to $25 a month. A number of them are substantiated by receipts issued by the forwarding agencies. There was other evidence to the effect that the decedent devoted a considerable portion of his wages to the support of his parents. The decedent gave as the reason for sending these amounts to his parents that they were in need and did not have enough to eat, and it was necessary for him to send them money. There was further evidence from which an inference might be drawn that the parents of the deceased were partially dependent upon him for their support.

[2] In view of the record in this case, the objection that the finding of the Commission as to partial dependency is not supported is in the nature of a demurrer to the sufficiency of the evidence. [3] Other, and better, evidence might possibly have been produced tending to shed light upon the question of the dependency of the parents in Italy, but no order or rule of the Industrial Accident Commission may be invalidated because of the admission into the record, and use as proof of any fact in dispute before it, of any evidence not admissible under the common law or statutory rules of evidence. (Workmen's Compensation Act, sec. 60[a].) [4] We are of opinion, therefore, that the finding of the Commission, as to the partial dependency of the parents of the decedent, is supported by the evidence.

[5] In cases of partial dependency, the dependents, in addition to the reasonable expense of burial of the decedent, not exceeding $100, shall be allowed a benefit fixed by the statute at three times the annual amount devoted by the

deceased to the support of his dependents. (Workmen's Compensation Act, sec. 9[c]2.)   Such was the award in this case.

At the conclusion of the hearing before the Commission the petitioner requested a continuance to enable it to take the deposition of the parents of the decedent who were in Italy. The request was denied and petitioner now argues strenuously that this action amounted in effect to a denial of a hearing before the Commission, and renders its award void as in excess of jurisdiction, and as depriving petitioner of its property without due process.   The evidence sought, it contends, would have had a material bearing on the question of the dependency of the claimants.   The Commission based its denial of the application for a continuance on the ground that it came too late, that it should have been made prior to the hearing.   The Industrial Accident Commission is vested with very broad powers.   All hearings and investigations before it are governed by the Workmen's Compensation Act, and by the rules of practice and procedure adopted by the Commission.   In the conduct of causes before it the Commission is not bound by the common law or statutory rules of procedure.   (Sec. 60.)   Adjournments from time to time are in the discretion of the Commission or referee holding the hearing.   (Sec. 19a.)   [6]   The action now complained of in this case, at the very most that can be charged against it, was nothing more than an error in the proceedings of the Commission which did not go to its jurisdiction to make the award.   Consequently, it does not constitute a ground of review in this court.   (*Maryland Casualty Co.* v. *Industrial Acc. Com.,* 178 Cal. 491, 493 [173 Pac. 993].)

The award is affirmed.

Lawlor, J., Lennon, J., Seawell, J., Richards, J., Shenk, J., and Myers, C. J., concurred.