[L. A. No. 15874. In Bank.—January 20, 1937.]

PAUL E. TAPLEY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Paul E. Tapley, *in pro. per.*, on Behalf of Petitioner.

Philbrick McCoy for Respondent.

CURTIS, J.—The Board of Governors of The State Bar, after proceedings duly had, has recommended to this court that petitioner be suspended from the practice of law for the period of one year. This recommendation was based upon two proceedings before local administrative committees in which petitioner was charged with certain offenses, which charges the respective committees found to be true.

One of said charges came before Local Administrative Committee No. 6 of the County of Los Angeles. In the notice to show cause involving this charge it was alleged that petitioner was employed by one Neville Clark as an attorney at law "to intercede for the said Clark at the Immigration Bureau and secure an extension of time for him so that he would not be deported until some later date". The contract of employment provided that petitioner was to receive an attorney's fee of $250; the sum of $100 was paid at the date of said employment, May 26, 1935, and if successful, "the balance of $150 to be paid, and if not said $100 to be returned as per agreement". It was further alleged that petitioner failed to render any services on behalf of the said Clark under said contract, and that said Clark was deported from the country, leaving Los Angeles on the morning of June 4, 1935, and that petitioner failed to return the said sum of $100 or any part thereof, and that he appropriated the whole thereof to his own uses and purposes.

The second of said charges came before Local Administrative Committee No. 12 of the County of Los Angeles, and in the notice to show cause issued upon this charge it was alleged petitioner was retained as an attorney at law to defend one James F. Hughes on a misdemeanor charge pending before the Municipal Court of the City of Los Angeles; that he was paid for services to be performed under said employment the sum of seventy-five dollars under the express condition "that if by reason of the said charges the said Hughes serve one day in jail you would refund the entire sum to him". It was further alleged in said notice to show cause that petitioner failed to appear in said municipal court on the day of the trial of said Hughes, and as a result of said trial said Hughes was found guilty of the charge against him

and sentenced to serve a term of one hundred and eighty days in the county jail, ninety days of which said Hughes actually served in said county jail.

The two committees before which these charges were heard made separate findings and recommendations to the Board of Governors of The State Bar. The committee hearing the charge against petitioner involving the Neville Clark matter recommended that petitioner be suspended for one year, and the committee hearing the Hughes charge recommended suspension for a period of thirty days. These two proceedings came before the Board of Governors at the same time and were heard together, and resulted in the approval of the findings of each committee and the recommendation of petitioner's suspension as stated above. Petitioner has asked for a review of the proceedings before the Board of Governors and that the findings of said board be annulled.

Petitioner first contends that the Board of Governors abused its discretion in not granting petitioner's request for a continuance of the hearing before said board. As a basis for this contention he points out that the hearing of the Neville Clark charge before the local committee was submitted on October 23, 1935, and that he heard nothing further regarding said proceeding until the tenth day of February, 1936, when he received through the mail the findings and conclusion of the local committee, and notice to appear before the Board of Governors on the twenty-first of said month of February; that on the fifteenth day of February he called at the office of the Board of Governors at Los Angeles and requested a continuance of this hearing set before the board, and was advised that it was necessary to secure said continuance from said board in San Francisco; that on the twenty-first day of February, the date on which said hearing was set before said board, petitioner appeared and requested a continuance of said hearing and supported his request with an affidavit to the effect that petitioner, as the attorney for the appellant in a criminal case, was engaged in the examination of a voluminous record on appeal in which appellant's opening brief was due on March 1, 1936, and that on the twenty-fourth and twenty-sixth days of February, 1936, other criminal cases in which petitioner was an attorney were set for trial in the Superior Court of said County of Los Angeles; and that petitioner was acting as his own attorney

in the proceeding before the Board of Governors. The continuance was denied and petitioner left the meeting and took no further part in the proceedings before said board. Petitioner's affidavit filed with the Board of Governors did not purport to set forth the substance of any new evidence which petitioner desired to introduce on the hearing before the board. He was therefore precluded from offering any new evidence at said hearing (rule 32, Rules of Procedure, of The State Bar, 213 Cal. cxxx). All that was left for him to do was to appear before the board, either in person or by counsel, and make such objections as he or his counsel might deem proper or material as to the effect of the evidence then before the board. It appears that petitioner was acting as his own attorney in these matters before the board. He was present at each hearing before each of the local committees, testified as a witness and examined and cross-examined witnesses appearing at each hearing. He was therefore perfectly familiar with all the evidence and other proceedings taken on each of said matters before the respective committees. The hearing before the Board of Governors could have consumed but a small portion of one day, and while petitioner's affidavit shows that his time was well occupied with other matters, it does not show that his engagements were such that he could not have prepared himself for the brief hearing before the board. We are therefore of the opinion that there was no abuse of discretion on the part of the board in denying petitioner's application for a continuance.

A number of proceedings other than the two involved herein, of a disciplinary nature, had in the past been brought against petitioner. All of them except one had been dismissed. The one not dismissed resulted in a finding against petitioner of unprofessional conduct, followed by a public reproval of his conduct. Petitioner complains that in the present proceedings it was error to consider his past record. This contention is without merit. (*McCue* v. *State Bar*, 4 Cal. (2d) 79, 81 [47 Pac. (2d) 268].)

We will now briefly consider the objections of petitioner to the findings of the respective local committees upon each of the two charges involved herein. We will first give consideration to the Neville Clark charge. Neville Clark was accused by the immigration authorities of the federal govern-

ment of wrongfully being in this country. This charge appears to have been passed upon and his deportation ordered to take place on June 4, 1935. Clark appeared to realize that there was no chance of setting aside or reversing this order, but he desired for reasons not material to any issue herein to have the day of his deportation postponed as long after the date of June 4, 1935, as possible, and he engaged petitioner as an attorney at law to secure for him such extension. As stated before, he was paid $100 on account of his fee, upon the condition that said sum was to be returned if petitioner was unsuccessful in securing said extension. The evidence shows conclusively not only that petitioner was not successful, but also that he rendered practically no services on behalf of Clark after his employment. Petitioner contends that the evidence is insufficient to sustain said charge, but the written receipt for said sum of $100 expressly states the condition upon which the money was received by petitioner. Furthermore, the testimony of Miss Dagmar Oakland, who was present when said money was paid to petitioner and who furnished the larger part thereof, shows that petitioner agreed to return said sum of $100 if he was unsuccessful in securing an extension of time when Clark was to be deported. In addition to the evidence just referred to, the petitioner admitted that he owed Clark said sum of $100 and would repay him if Clark would write to petitioner that he wanted the money and would designate someone to whom to pay it. The evidence shows that Clark gave Miss Dagmar Oakland a power of attorney to collect this money from petitioner the day before Clark was deported and that Miss Oakland had repeatedly asked and demanded of petitioner that he pay said money to her. The petitioner has never paid her any part of said money. The evidence, therefore, as to the truth of this charge is conclusive.

The further contention of petitioner that this proceeding against him was instituted on the complaint of Miss Oakland and that the relation of attorney and client between him and her never existed, and therefore the Board of Governors was without jurisdiction over the subject-matter of said proceeding, is, of course, devoid of merit. A disciplinary proceeding before the Board of Governors is not a controversy between two individuals, the complainant and the

accused attorney, but is an adverse proceeding against the accused attorney and may be instituted and prosecuted upon the complaint of any person knowing the facts upon which the proceeding is based. In fact, the Board of Governors is given the power ''of its own motion and without the filing or presentation of any complaint'' to institute and conduct disciplinary proceedings against any member of The State Bar. (Sec. 34 of the State Bar Act.) It appears, however, in this proceeding, that Miss Oakland furnished the larger part of the money paid petitioner which he agreed to but refused to return. She was, therefore, an aggrieved party and the one whom we would naturally expect to complain of petitioner's dereliction of duty.

Passing now to the charge against petitioner growing out of his employment by James F. Hughes, we find the evidence against him equally conclusive. Hughes, as we have stated before, was under accusation of a misdemeanor charge pending in the Municipal Court of the City of Los Angeles. He employed petitioner to defend him, and paid petitioner the sum of $75 upon the express condition that the money would be repaid to Hughes if the latter was convicted of said charge and compelled to serve time in jail by reason of such conviction. Not only was Hughes convicted of the charge against him and compelled to serve a jail sentence, but petitioner, after being retained to defend Hughes and after having Hughes' case set for trial, on a day certain, accepted employment in another case on trial the same day on which Hughes' case was set for trial and failed to appear at the trial of Hughes, or to send another attorney to represent Hughes at his said trial. After this flagrant dereliction of duty the petitioner had the effrontery to refuse to repay Hughes the money the latter had paid him. Finally the petitioner was given credit in the sum of $25 for other services rendered, and gave his note to Hughes for the balance of $50. Petitioner refused to pay any part of this sum until charges were made against him to The State Bar, when he paid $25, leaving a final balance of $25, which was unpaid at the time of the hearing before the local committee. The only semblance of a defense which the petitioner now attempts to make to said charge is that the complaint to The State Bar in this proceeding was made by Miss Florence A. O'Neill, and that Hughes and Miss

O'Neill were forced and coerced by The State Bar to proceed against petitioner. We have already answered the objection that the complaint in a disciplinary proceeding before The State Bar against an accused attorney may not be made by any person other than the party injured by the wrongful acts of the attorney. The only evidence in support of the contention that The State Bar forced and coerced Hughes and Miss O'Neill to proceed against petitioner is that when said proceeding came on for hearing before the local committee, upon Miss O'Neill's being called as a witness, she asked if the case could be dropped, giving as a reason for said request that she and Mr. Hughes, who were in the moving picture business, had already lost so much time by reason of Hughes' arrest, trial and imprisonment that it would be a great inconvenience to them to be compelled to proceed with the hearing. The request was denied and Miss O'Neill proceeded with her testimony without further objection or request that the "case be dropped". Hughes was later called and made no objection to testifying in the proceeding, nor did he request that the "case be dropped". It is quite evident from the foregoing statement that no coercion was exerted by The State Bar, or by anyone in its behalf, upon either Mr. Hughes or Miss O'Neill to proceed against petitioner, but that they voluntarily instituted this proceeding and prosecuted it in the same spirit.

As stated before, the Board of Governors, upon a review of these two proceedings, recommended the suspension of the petitioner from the practice of law for the period of one year. In our opinion this was a minimum punishment to be meted out to the petitioner, when we consider the seriousness of the charges against him. We are not disposed to augment the penalty recommended by the Board of Governors, although the facts in this case would well justify such action on our part.

It is therefore ordered that the recommendation of the Board of Governors of The State Bar be and the same is hereby approved and petitioner is hereby suspended from the practice of law for the period of one year from the date of the filing of this order.

Langdon, J., Edmonds, J., Thompson, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.