[S. F. No. 20813. In Bank. Dec. 22, 1961.]

ALLIED COMPENSATION INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MARGE E. LAWLER LINTZ, Respondents.

Mullen & Filippi and John W. Moore for Petitioner.

Everett A. Corten, Emily B. Johnson, Rupert A. Pedrin, Magee, Ott & Haywood and Sidney H. Haywood for Respondents.

TRAYNOR, J.—Marge E. Lawler Lintz sustained a back injury in the course of her employment as a celery trimmer. Allied Compensation Insurance Company, hereinafter re-

ferred to as Allied, the compensation carrier, voluntarily furnished medical care and temporary compensation. After substantial treatment an operation was performed. Although Mrs. Lintz's condition showed improvement, some disability remained.

Upon her application for compensation she was examined orally before a commission referee. Medical reports were also introduced. From this evidence the referee formulated a statement of disability. The commission's Permanent Disability Rating Bureau rated the disability as stated at 32½ per cent. The referee summarized the oral evidence and then adopted the 32½ per cent figure in his findings and award of April 22, 1960.

Mrs. Lintz's petition for reconsideration was granted to secure the opinion of an independent medical examiner as to the extent of her disability "if the parties so agree." Mrs. Lintz agreed to the examination on condition that it involve no cost to her. Allied offered to pay only half the cost, although it also offered to abide by the practice of the commission in similar cases. Panel One of the commission apparently concluded that the parties had failed to agree as to who should bear the costs of the examination and proceeded to redetermine Mrs. Lintz's disability on the basis of the medical reports introduced at the first hearing, the referee's report, and his summary of Mrs. Lintz's testimony. Inasmuch as no transcript of her testimony was requested by the parties or ordered by the commission, no member of the deciding panel was familiar with it except as it was summarized by the referee and referred to in the briefs of the parties.

Panel One informally secured from the rating bureau information as to what ratings would be recommended if various factors of disability were included in the disability statement. The parties were not notified of this inquiry or of the bureau's answer. The panel then formulated a new disability statement and submitted it to the bureau formally. The recommended rating was 77 per cent. Allied was granted a hearing for cross-examination of the rating expert and presentation of evidence in rebuttal to his report. The expert testified that the difference between the first and second ratings was caused solely by the inclusion in the second statement of Mrs. Lintz's limitation "to sedentary occupations. . . ." One of the medical reports stated that she "could probably do some sedentary work, but anything requiring prolonged standing, lifting or bending would not be feasible for an indefinite time." The

other medical reports indicated that her injury was less severe and that she was not so narrowly limited occupationally. The referee concluded that "applicant's demeanor on the stand" was consistent with these latter reports. Allied's efforts at this hearing to introduce additional evidence relating to her disability and occupational classification were unsuccessful. A motion for a further hearing at which this evidence might be introduced was denied. The commission adopted the 77 per cent figure in its award after reconsideration.

Allied seeks annulment of the commission's award. Its principal contention is that it was denied a fair hearing because the second disability statement was formulated without reference to the entire record. ■ It is clear that the commission is required to make an independent examination of the record when, as here, it rejects the findings and recommendations of its referee. (Lab. Code, § 5315; *National Auto & Cas. Ins. Co.* v. *Industrial Acc. Com.*, 34 Cal.2d 20, 30 [206 P.2d 841]; *Pacific Indem. Co.* v. *Industrial Acc. Com.*, 28 Cal.2d 329, 339 [170 P.2d 18]; *California Shipbuilding Corp.* v. *Industrial Acc. Com.*, 27 Cal.2d 536, 544 [165 P.2d 669]; *Helmick* v. *Industrial Acc. Com.*, 46 Cal.App.2d 651, 656 [116 P.2d 658]; *Taylor* v. *Industrial Acc. Com.*, 38 Cal.App.2d 75, 82 [100 P.2d 511]; see also Gov. Code, § 11517, subd. (a); *Cooper* v. *State Board of Medical Examiners*, 35 Cal.2d 242, 246 [217 P.2d 630, 18 A.L.R.2d 593]; *Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, 399 [184 P.2d 323].) The extent of that independent examination has not, however, been clearly defined. In the first *Morgan* case the United States Supreme Court held generally that "The one who decides must hear." (*Morgan* v. *United States*, 298 U. S. 468, 481 [56 S.Ct. 906, 80 L.Ed. 1288].) ■ The requirement of a hearing may be satisfied, however, even though the members of the commission do not actually hear (*Cooper* v. *State Board of Medical Examiners, supra*, p. 246; *Morgan* v. *United States, supra*, pp. 480-482; *McGraw Electric Co.* v. *United States* (E.D. Mo.), 120 F.Supp. 354, 358, affd. 348 U. S. 804 [75 S.Ct. 45, 99 L.Ed. 635]), or even read, *all* of the evidence. (*Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 492, 501 [175 P.2d 823]; *Morgan* v. *United States, supra*, pp. 480-482; *Taub* v. *Pirnie*, 3 N.Y. 188 [144 N.E.2d 3, 5]; *Wisconsin* v. *Industrial Com.*, 272 Wis. 409 [76 N.W.2d 362, 369-370]; see also *United States* v. *Morgan*, 313 U. S. 409, 420 [61 S.Ct. 999, 85 L.Ed. 1429].) "Evidence may be taken by an examiner. Evi-

dence thus taken may be sifted and analyzed by competent subordinates.'' (*Morgan* v. *United States, supra,* 298 U. S. 468, 482; *Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com., supra,* p. 501.) The obligation of the panel members was to achieve a substantial understanding of the record by any reasonable means, including the use of the referee's summary. (See 2 Davis, Administrative Law Treatise, §§ 11.02-11.04, pp. 38-57.)

 Panel One admittedly considered the entire record, excepting only the complete transcript of Mrs. Lintz's testimony. The commission now contends that the transcript is not a part of the record within the meaning of the California statutes and cases. This view has been suggested by at least one commentator. (Bancroft, *Some Procedural Aspects of the California Workmen's Compensation Law,* 40 Cal. L. Rev. 378, 392.) There is no apparent reason, however, for distinguishing between the oral and written evidence developed before the referee; both should be considered if relevant to the issues. On the other hand, there is no reason for requiring that irrelevant parts of either the written or oral evidence be reviewed exhaustively. The transcript is as much a part of the record as is evidence received in written form.

 There is no merit in the commission's contention that it was not necessary to consider Mrs. Lintz's testimony on the ground that it was not relevant to the issues on reconsideration. Her testimony related almost exclusively to the extent of her disability. The referee's summary of her testimony, which was before Panel One on reconsideration, made this clear. The extent of disability was the sole issue presented to the panel. Thus, Mrs. Lintz's testimony was highly relevant.

 Allied takes an equally unrealistic position. It contends that the panel members were obligated to *read* the entire record, including the transcript. So rigid a requirement cannot be extracted from the decided cases. It is plain that the members of Panel One ''considered and appraised'' the evidence in the record. The written evidence together with the referee's summary of Mrs. Lintz's testimony was ample to provide a complete and full understanding of the record. Allied contends that the referee's summary is not adequate. It is not suggested, however, in what particulars it is defective. Indeed, the summary emphasizes the parts of Mrs. Lintz's testimony most favorable to Allied. Allied at no time urged upon the commission the inadequacy of the summary. Had it

done so, pointing to specific, material defects in the summary, the commission would have been obliged to order a transcript prepared to test the accuracy and completeness of the summary against it. Despite Allied's failure to point to specific inadequacies in the summary, we have compared it with the transcript and have found no material evidence tending to support Allied's case that was not fairly summarized by the referee.

Allied contends that it was denied a fair hearing by Panel One's informal use of the rating bureau's opinions. Such practices have been disapproved. (*Young* v. *Industrial Acc. Com.*, 38 Cal.App.2d 250, 257 [100 P.2d 1062].) The award after reconsideration, however, was clearly based upon the second recommended rating, which was formally noticed and served. Allied was allowed to cross-examine the rating expert and introduce rebuttal evidence with respect to his report. There appears to be nothing that Allied could have accomplished in a hearing on the informal report that it was not permitted to accomplish in the hearing held on the formal report. Thus, the error was not prejudicial. (See *Walsh* v. *Industrial Acc. Com.*, 1 Cal.2d 747, 748-749 [36 P.2d 1072].)

Allied also contends that it was denied a fair hearing by the refusal of the commission's referee to allow introduction of further medical evidence bearing on the extent of Mrs. Lintz's disability and other evidence relating to her occupational classification at the hearing for cross-examination of the rating expert. That hearing was in terms limited to examination and evidence bearing on the accuracy of the rating expert's conclusion. His recommendation was based upon the disability statement prepared by Panel One. The expert had no way of knowing whether or not the factors of disability included in that statement were accurate. The referee properly disallowed the proffered evidence.

Alternatively, Allied contends that the commission was bound to grant its motion for further hearing for presentation of this evidence. The right to a further hearing for introduction of rebuttal evidence is statutory:

"Transcripts of all testimony taken without notice and copies of all reports and other matters added to the record, otherwise than during the course of an open hearing, shall be served upon the parties to the proceeding, and an opportunity shall be given to produce evidence in explanation or rebuttal thereof before decision is rendered." (Lab. Code, § 5704.)

The only matters added to the record after the initial hear-

ing were the secret and the formal reports of the rating bureau. Allied was given an adequate hearing with respect to these reports.

Beyond this statutory right to a further hearing, the granting of continuances and further hearings rests in the sound discretion of the commission. (*Western Pipe & Steel Co.* v. *Industrial Acc. Com.*, 194 Cal. 379, 382 [228 P. 859]; see also *Geibel* v. *State Bar*, 11 Cal.2d 412, 416, 417 [79 P.2d 1073]; *Tapley* v. *State Bar*, 8 Cal.2d 167, 170-171 [64 P.2d 404].) The commission's rules of practice and procedure provide that a further hearing will not be granted except for good cause or in the discretion of the commission or its officers. (Cal. Admin. Code, tit. 8, rule 10774.) Allied argues that it should be permitted to show that Mrs. Lintz worked in the canning rather than in the produce industry. The former classification allegedly would reduce her disability to 64 per cent and relieve Allied of its present liability for a life pension. At the initial hearing, however, it was agreed that the occupational category should be "Celery trimmer—produce, by hand." Allied also demands a hearing to introduce the report of an independent medical examiner. There is no claim, however, that there was not a complete and full opportunity to introduce all relevant medical evidence at the original hearing. In light of these circumstances, we cannot hold that the commission abused its discretion in denying Allied's request for a further hearing.

Allied's contention that there is no substantial evidence in the record to support the award is without merit. The commission has the power to resolve conflicts in the evidence. (*National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.*, *supra*, pp. 28-29.) The statement of Mrs. Lintz's disability formulated by Panel One that provided the basis for the commission's award after reconsideration is supported entirely by one physician's report that was submitted at the original hearing. Even though this report is inconsistent both with the other medical opinions in the record and with the referee's observations of Mrs. Lintz described in his report, it constitutes substantial evidence and may be adopted by the commission. Allied's suggestion that the commission misinterpreted the meaning of this report is without merit.

Both the referee and Panel One found that Mrs. Lintz's entire disability was caused by the industrial injury, rejecting Allied's contention that it was caused in part by an earlier

injury. Allied is also incorrect in asserting that this finding is not supported by substantial evidence.

The award is affirmed.

Gibson, C. J., Peters, J., White, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would annul the order, for the reasons expressed by Mr. Justice Shoemaker in the opinion prepared by him for the District Court of Appeal, (Cal.App.) 14 Cal.Rptr. 695.

Schauer, J., concurred.