[Civ. No. 18798. Third Dist. Mar. 31, 1980.]

FIDELITY AND CASUALTY COMPANY OF NEW YORK,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
Respondent;
EDWARD HARRIS, Real Party in Interest.

1002

COUNSEL

Files, McMurchie, Foley & Brandenburger and Douglas B. Weill for Petitioner.

Richard W. Younkin, William B. Donohoe and Dexter W. Young for Respondent.

Eugene C. Treaster for Real Party in Interest.

OPINION

**BLEASE, J.**—Fidelity and Casualty Company of New York (Fidelity), a workers' compensation insurer, petitions this court for a writ of mandate ordering the Workers' Compensation Appeals Board (WCAB) to limit its consideration of real party in interest Edward Harris' (Harris) case to the issue whether good cause exists within the meaning of Labor Code section 5803 to rescind a compromise and release agreement entered into on August 15, 1975, between Fidelity and Harris.

Fidelity contends that the WCAB exceeded its statutory and constitutional authority by: (1) taking and considering evidence unrelated to the issues raised by Harris' petition for reconsideration; (2) failing to provide Fidelity and Harris with adequate notice and an opportunity to be heard; and (3) failing both to adequately state the evidence relied upon and to specify in detail the reasons for granting reconsideration.

The WCAB has responded by answer to the petition and by return to this court's order to show cause. In its answer it claims that the court lacks jurisdiction to review the matter by mandate and that, upon reconsideration, the WCAB may consider any issue which could have been raised in the original proceeding. By return it claims further that Harris sought relief not only to reopen to set aside the compromise and release but by separate petition sought to reopen for consideration of new and further disability pursuant to Labor Code section 5410.

Harris responded by return to the order to show cause asking this court to order the WCAB to set aside the compromise and release agreement.

We shall issue a writ directing the WCAB not to proceed to reopen Harris' settlement except for good cause as required by Labor Code section 5803; to inform the parties of the ground of good cause upon which it seeks to take or consider additional evidence; and to afford the parties the opportunity to cross-examine witnesses and present rebuttal evidence upon the noticed ground.

### FACTS

Harris received injuries on May 8, 1973, in the course of his employment as a truck driver by California Liquid Gas Corporation. Fidelity is the insurance carrier for California Liquid Gas Corporation.

Harris employed Norman J. Mulholland as his attorney. He requested and received a rating from the permanent disability rating bureau of the WCAB; his permanent disability range was determined to be 8 1/2 percent to 8 3/4 percent.

Through his attorney Harris agreed to sign and on May 6, 1975, signed a compromise and release agreement with Fidelity on WCAB Form 15 (Rev. 1-72), by which Fidelity agreed to pay Harris $3,250 in release of all claims.

A WCAB judge reviewed the settlement and accompanying medical reports and questioned the adequacy of the settlement. Fidelity agreed to raise the amount to $4,500, which was approved by the judge. On August 15, 1975, the compromise and release agreement of May 6, 1975, as raised, was approved by the WCAB.

On August 31, 1977, Harris, through new counsel, filed a motion with the WCAB entitled "Motion to Set Aside Compromise and Release," thus seeking to invoke the continuing jurisdiction of the WCAB to rescind its orders for good cause. The motion, as considered by a WCAB judge on January 16, 1978, claimed that Harris' prior counsel purported to be an attorney admitted to practice in California at the time he represented him but was not so qualified, that Harris did not receive the money due him under the compromise and release agreement, that his prior attorney was not mentally competent to advise him concerning the agreement, and that the agreement lacked proper execution.

Following the hearing, on May 1, 1978, but before decision on the motion, Harris filed with the WCAB a petition denominated "Petition to Maintain Jurisdiction of the WCAB," claiming inter alia that he had suffered a new and further disability.

On June 28, 1978, the WCAB judge denied the motion to set aside the agreement on the ground that Harris had not shown good cause for rescinding it in that he had failed to show fraud, duress, undue influence, mutual mistake of fact or law, improper execution of the document, mental incompetency, or his minority at the time of signing.

On July 24, 1978, Harris filed a petition for reconsideration before the WCAB under the provisions of Labor Code section 5900 et seq., contending that the WCAB judge acted in excess of jurisdiction, that the evidence did not justify the findings of fact, and that the judge's finding was illegal. Fidelity answered and the WCAB judge, on August 21, 1978, submitted a report and recommendation on the petition for reconsideration. (Cal. Admin. Code, tit. 8, § 10860.) He concluded inter alia that the WCAB review of the release raising the amount to $4,500 was a sufficient review and protection to Harris to constitute waiver of any formal defect in the original execution of the release and that a misunderstanding between an applicant and an applicant's attorney is not a ground to set aside a compromise and release. He recommended denial of the petition for reconsideration.

On September 28, 1978, the WCAB issued an opinion and order granting reconsideration. It set forth the judge's findings and recommendation and said: "Upon reviewing the entire record, the Board is of the opinion that further medical evidence is necessary for the Board to reach a just and reasoned decision on the issue raised herein. The Board may not leave undeveloped matters which it identifies as requiring further evidence. *Raymond Plastering* v. *WCAB* (1967), 252 Cal.App.2d 748, 32 CCC 287. This is, therefore, an appropriate case for the Board to exercise its discretion to direct an examination by an independent physician. *Lundberg* v. *WCAB* (1968), 69 Cal.2d 436, 33 CCC 656. Reconsideration will be granted for an examination by an independent physician and for such further proceedings as the Board may thereafter determine to be appropriate."

On September 29, 1978, Fidelity wrote to the WCAB seeking clarification of the issues then pending before the board by virtue of its order granting reconsideration. The letter stated Fidelity's belief that no medical issues had been raised in the adjudication of Harris' motion to set aside the release, and asked for a supplemental opinion and order stating the issue to be resolved by the medical examination and its desire to be informed so that it could prepare a rebuttal. The board responded on November 2, 1978, that "[t]he matter was referred to an independent physician...so that a determination of the adequacy of the Compromise and Release Agreement may be made."

The independent medical examiner, Dr. William C. Hickey, reviewed the complete medical and legal files to determine the physical disability prior to the award of August 15, 1975, as compared to after December 5, 1978, the date of his examination. Dr. Hickey indicated certain subjective and objective factors of disability, and concluded that Harris' complaints precluded him from heavy lifting, repeated bending and stooping.

The WCAB then requested from the permanent disability rating board a rating of the objective disability factors contained in Dr. Hickey's report. On February 16, 1979, the rating board recommended a disability rating of 27 1/2 percent, amounting to a total payment of $7,560. The WCAB then admitted into evidence Dr. Hickey's report, the disability rating of February 16, 1979, and the previously served medical report of Dr. Peal, relied upon by Dr. Hickey.

Fidelity moved to strike Dr. Hickey's and Dr. Peal's reports from evidence and to quash the permanent disability rating of February 16, 1979. At a hearing on the medical examination counsel for Fidelity argued that the only issue before the board was whether there was good cause to set aside the compromise and release, and that if the WCAB intended to issue a rating based on Harris' current orthopedic disability, that Fidelity be allowed to present rebuttal evidence. Harris objected to the introduction into evidence of a medical report authored by a doctor who was subpoenaed to testify at the June 28 hearing, but who did not appear. The judge said that the WCAB must have denied the motions to strike and quash by implication, since it sent the case to the Sacramento office for a hearing. Dr. Hickey then testified at the hearing, and counsel for Fidelity and Harris cross-examined him.

Fidelity filed its petition for a writ of mandate in this court on July 24, 1979. The WCAB filed an answer to the petition on August 2, 1979. Fidelity filed a response to the answer on August 8, 1979. This court issued an order to show cause on August 23, 1979. The WCAB and Harris filed returns to the order to show cause on August 29, 1979. Fidelity filed its response to the returns on September 11, 1979.

I

■ The WCAB challenges the propriety of mandamus to review the issues tendered in the petition. It claims that the petitioner has a plain, speedy and adequate statutory remedy under the provisions of Labor Code sections 5950 to 5956.

"Labor Code section 5955 expressly provides that in a proper case a 'writ of mandate shall lie from the Supreme Court or a court of appeal' to compel the board to perform its duties." (*Betancourt* v. *Workmen's Comp. App. Bd.* (1971) 16 Cal.App.3d 408, 412 [94 Cal.Rptr. 9].) Although "mandamus has seldom, if ever, been used . . . [i]t is a remedy given statutory approval [and] [i]f it fits the facts of this proceeding rarity of its applicability will not be a reason for denial." (*Ibid.*)

Mandamus will lie to compel the performance of an act which the law specifically enjoins. (Code Civ. Proc., § 1085.) This case goes to the heart of the procedural duties by which the WCAB is statutorily and constitutionally enjoined to conduct its business and which confine the exercise of its discretion. The review of such duties cannot await a final result arrived at by violation of the procedural rights here at issue.

It is well settled that the writ of mandate will lie to control an abuse of discretionary powers by an administrative agency. (*Manjares v. Newton* (1966) 64 Cal.2d 365, 370 [49 Cal.Rptr. 805, 411 P.2d 901]; *Walker* v. *County of Los Angeles* (1961) 55 Cal.2d 626, 639 [12 Cal.Rptr. 671, 361 P.2d 247].) The importance of this principle is magnified by petitioner's allegation that the WCAB not only has violated its statutory powers, but has also deprived Fidelity of its constitutional rights to due process of law. Where the constitutionality of official acts is called into question, mandamus is proper. (*Jolicoeur* v. *Mihaly* (1971) 5 Cal.3d 565, 570, fn. 2 [96 Cal.Rptr. 697, 488 P.2d 1]; *Metropolitan Water Dist.* v. *Marquardt* (1963) 59 Cal.2d 159, 170 [28 Cal.Rptr. 724, 379 P.2d 28]; see generally, *Zeilenga* v. *Nelson* (1971) 4 Cal.3d 716 [94 Cal.Rptr. 602, 484 P.2d 578]; *San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937 [92 Cal.Rptr. 309, 479 P.2d 669].)

Moreover, we have already resolved by implication the question of the adequacy of a legal remedy through our decision to issue an order to show cause on August 23, 1979. (See *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 402 [128 Cal.Rptr. 183, 546 P.2d 687]; *County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 845 [59 Cal.Rptr. 609, 428 P.2d 593]; *Erlich* v. *Superior Court* (1965) 63 Cal.2d 551, 557 [47 Cal.Rptr. 473, 407 P.2d 649]; see also *Hagan* v. *Superior Court* (1960) 53 Cal.2d 498, 502, fn. 1 [2 Cal.Rptr. 288, 348 P.2d 896].) Hence, we conclude that this is a "proper case" under Labor Code section 5955 and, therefore, that the writ shall lie.

## II

We examine Fidelity's claims that the WCAB exceeded its statutory and constitutional authority by: (1) taking and considering evidence unrelated to the issues raised by Harris' petition for reconsideration; (2) failing to provide Fidelity and Harris with adequate notice and an opportunity to be heard; and (3) failing both to adequately state the evidence relied upon and to specify in detail the reasons for granting reconsideration.

We consider these claims as tendering three related issues:

A. Whether the WCAB, following its order granting reconsideration of Harris' petition to set aside the compromise and release

agreement, was required to comply with the jurisdictional criteria of good cause in Labor Code section 5803;

B. Whether the WCAB's purpose in obtaining further medical examination of Harris was consistent with the good cause limitation upon its continuing jurisdiction; and

C. Whether the notice and hearing given the parties concerning the medical evidence complied with statutory and procedural requirements of due process of law.

*A. Reconsideration*

 The proceedings before the WCAB were initiated by Harris' petition to set aside an order approving a compromise and release agreement entered into some two years before.

"A petition to set aside an order approving a compromise is, in effect, a petition to reopen a closed case and therefore requires a showing of good cause," as required by Labor Code section 5803. (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1979) § 8.05[4], subd. [e], pp. 8-32 to 8-33; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 13.42, p. 469.) The petition is a precondition to the WCAB's jurisdiction to act. (Lab. Code, § 5804.)

A hearing on the petition was held before a WCAB judge, who rendered a decision holding that Harris had not shown good cause to rescind the order for failure to show that the settlement agreement was the product of fraud, duress, undue influence, mutual mistake of fact or law, improper execution of the document, mental incompetency, or minority at the time of signing.

Harris sought reconsideration before the WCAB of the judge's adverse determination. His petition, as required by Labor Code section 5903,[1] was based upon grounds specified therein, particularly subdivisions (a), (c) and (e). (See also Cal. Admin. Code, tit. 8, §§ 10840-10862.)

---

[1]Labor Code section 5903 provides: "At any time within 20 days after the service of any final order, decision, or award made and filed by the appeals board or a referee granting or denying compensation, or arising out of or incidental thereto, any person aggrieved thereby may petition for reconsideration upon one or more of the following grounds and no other:

Whether reconsideration is granted upon petition or upon the WCAB's own motion (Lab. Code, § 5906), "the order granting reconsideration must be based upon one of the grounds specified in section 5903." (*Redner* v. *Workmen's Comp. Appeals Bd.* (1971) 5 Cal.3d 83, 92 [95 Cal.Rptr. 447, 485 P.2d 799]; *Michon* v. *Workmen's Comp. App. Bd.* (1971) 15 Cal.App.3d 917, 924-925 [93 Cal.Rptr. 476]; see also *Zozaya* v. *Workmen's Comp. App. Bd.* (1972) 27 Cal.App.3d 464, 468 [103 Cal.Rptr. 793]; *Solomon* v. *Workmen's Comp. Appeals Bd.* (1972) 24 Cal.App.3d 282, 285 [100 Cal.Rptr. 899]; *Ascough* v. *Workmen's Comp. Appeals Bd.* (1971) 21 Cal.App.3d 248, 259 [98 Cal.Rptr. 357].)

On reconsideration, the WCAB may either affirm, alter or amend the decision of the WCAB judge "on the basis of the evidence previously submitted," or it "may grant reconsideration and direct the taking of additional evidence." (Lab. Code, § 5906.[2]) In either event, the WCAB must "specify in detail the reasons for the decision." (Lab. Code § 5908.5.)

Here, the WCAB granted reconsideration and ordered the taking of new evidence. But its action cannot transcend the matter to be reconsidered—whether Harris' case should be reopened pursuant to the good cause requirements of section 5803. And it must state reasons for its action consistent with the matter to be reviewed. By granting reconsideration, the WCAB necessarily could do no more than consider Harris' claims under the provisions of Labor Code section 5803.

"(a) That by such order, decision, or award made and filed by the appeals board or referee, the appeals board acted without or in excess of its powers.

"(b) That the order, decision, or award was procured by fraud.

"(c) That the evidence does not justify the findings of fact.

"(d) That the petitioner has discovered new evidence material to him, which he could not, with reasonable diligence, have discovered and produced at the hearing.

"(e) That the findings of fact do not support the order, decision, or award.

"Nothing contained in this section shall limit the grant of continuing jurisdiction contained in Sections 5803 to 5805 inclusive."

[2]Labor Code section 5906 provides: "Upon the filing of a petition for reconsideration, or having granted reconsideration upon its own motion, the appeals board may, with or without further proceedings and with or without notice affirm, rescind, alter, or amend the order, decision, or award made and filed by the appeals board or referee on the basis of the evidence previously submitted in this case, or may grant reconsideration and direct the taking of additional evidence. Notice of the time and place of any hearing on reconsideration shall be given to the petitioner and adverse parties and to such other persons as the appeals board orders."

The WCAB is therefore incorrect in its claim that the "effect of the Order Granting Reconsideration was to open the *entire record* for review and appropriate action after reconsideration including the issue of the adequacy of the compromise and release agreement." And its reliance upon cases involving a reconsideration of the *original* award is misplaced.

Since the WCAB's order of reconsideration predicates a review of Harris' case pursuant to section 5803, the WCAB is bound to comply with its procedural and substantive strictures.

### B. Good Cause

Labor Code section 5803[3] vests broad powers in the WCAB to "rescind, alter, or amend" an order of the WCAB for "good cause" pursuant to a petition filed by a real party in interest within five years of the date of injury. (Lab. Code, § 5804.)

■ The requirement of good cause is central to the exercise of the continuing jurisdiction vested in the WCAB by Labor Code section 5803. "Despite the fact, however, that this section has been liberally construed by the appellate courts in an effort to secure full justice to injured employees, the section itself contains a definite limitation upon the power of the commission. This is a requirement that good cause appear for rescinding, altering or amending the former award of the commission....In the absence of any such circumstance justifying a reexamination of the controversy, the commission is powerless to act, and the former award or orders are final and invulnerable. In other words, the existence of some fact or circumstance which warrants the conclusion that the challenged award is *inequitable* is a necessary element to the exercise of the continuing jurisdiction of the commission under the authority of section 20(d) [now section 5803]." (*Merritt-Chapman & Scott Corp.* v. *Indus.A.C.* (1936) 6 Cal.2d 314, 316-317 [57 P.2d 501].) (Italics added.)

---

[3]Labor Code section 5803 provides: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor.

"Such power includes the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated."

The equitable measure of good cause has been applied to rescind an order approving a compromise and release agreement, by analogy to the equitable doctrines for rescission of a contract, where the release was secured by fraud, mistake, duress or undue influence. (See *Silva v. I.A.C.* (1924) 68 Cal.App. 510 [229 P. 870]; *Johnson v. Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 964, 975 [88 Cal.Rptr. 202, 471 P.2d 1002]; 1 Hanna, *supra*, § 8.05[4]; Cal. Workmen's Compensation Practice, *supra*, § 13.42.)

We do not here survey the boundaries of the good cause requirement. Nor do we consider that the grounds set forth above or in the decision of the WCAB judge exhaust the equitable grounds of Labor Code section 5803 for rescission of an order approving a compromise and release agreement. We do examine whether the WCAB's purpose in reconsidering Harris' petition to set aside the order approving the compromise and release agreement and in seeking further medical evidence counts as good cause.

The WCAB judge decided Harris had failed to show that the settlement agreement was the product of fraud, duress, undue influence, mutual mistake of fact or law, improper execution of the document, mental incompetency, or minority at the time of signing.

The WCAB, in its order granting reconsideration, said "that further medical evidence is necessary for the Board to reach a just and reasoned decision on the issue raised herein." It amplified this ground by letter to the parties, stating that "[t]he matter was referred to an independent physician...so that a determination of the adequacy of the Compromise and Release Agreement may be made."

The WCAB's statements do not track the criteria applied by the trial judge nor do they fit any recognizable category of good cause. They more nearly resemble the grounds asserted by the WCAB in *Gillette v. Workmen's Comp. Appeals Bd.* (1971) 20 Cal.App.3d 312 [97 Cal.Rptr. 542, 97 Cal.Rptr. 893]. There it granted a petition for reconsideration on the grounds that "'[w]e are not completely satisfied with the medical evidence in the record....' No new medical evidence had been either claimed to exist or shown to be necessary or proper to complete the hearing. Actually, the board's statement was the declaration of an intent to retry the matter." (*Id.*, at p. 321.) In like manner, the WCAB in this case seeks to readjudicate the adequacy of the compro-

mise and release agreement *ab initio.* In oral argument before this court, WCAB's counsel conceded that the WCAB sought to determine whether it would be *worthwhile* to set aside the compromise and release *before* determining that there were any *grounds* for setting it aside.

The WCAB has got the cart before the horse, with predictable results. The WCAB may not proceed to the merits of Harris' settlement before compliance with the jurisdictional requirements of Labor Code section 5803.

We hold that the WCAB has asserted an invalid ground under Labor Code section 5803 for the taking of further evidence incident to considering Harris' petition to reopen the original award and that the WCAB may not proceed upon such ground.

We do not hold that the taking of medical evidence is never relevant to the good cause criteria of section 5803 or that it is impossible in the Harris case to link the appraisal of his medical condition to a ground of good cause. That is a task for the WCAB to undertake, if it can, subject to normal procedures for judicial review.

 Before proceeding with any consideration of Harris' petition to reopen, the WCAB must give the parties notice of a purpose for its action consistent with the good cause criteria of Labor Code section 5803 and with procedural due process. We turn to a consideration of the parties' due process rights.

### C. Due Process

Both Fidelity and Harris argue that the denial of their rights to challenge the introduction of the subsequent medical evidence, to introduce relevant rebuttal evidence, and to cross-examine certain witnesses violated their due process rights. They also claim not to understand the purpose for the new medical examination of Harris.

As we have shown, the WCAB, on reconsideration, directed the taking of additional evidence (Lab. Code, § 5906) which necessarily implicated the procedural requirements of Labor Code section 5803.

Section 5803 precludes the rescinding of any order except "upon notice and *after* an opportunity to be heard is given the parties in

interest,. . ." (Italics added.) We read these requirements in the light of constitutional guarantees of procedural due process.

As early as 1916, the Supreme Court defined the role of the Industrial Accident Commission (predecessor to the WCAB) in the following terms: "[T]he commission,. . .must find facts and declare and enforce rights and liabilities,—in short, it acts as a court, and it must observe the mandate of the constitution of the United States that this cannot be done except after due process of law." (*Carstens* v. *Pillsbury* (1916) 172 Cal. 572, 577 [158 P. 218]; see also *State Comp. Ins. Fund* v. *Ind. Acc. Com.* (1942) 20 Cal.2d 264, 266 [125 P.2d 42]; *Bankers Indem. Ins. Co.* v. *Indus. Acc. Com.* (1935) 4 Cal.2d 89, 97 [47 P.2d 719]; *Yosemite Lumber Co.* v. *Industrial Acc. Com.* (1922) 187 Cal. 774, 779 [204 P. 226, 20 A.L.R. 994]; *Gouanillou* v. *Industrial Acc. Com.* (1920) 184 Cal. 418, 420-421 [193 P. 937]; *Western Metal Supply Co.* v. *Pillsbury* (1916) 172 Cal. 407, 410 [156 P. 491]; *Pacific Coast Casualty Co.* v. *Pillsbury* (1915) 171 Cal. 319, 322 [153 P. 24]; *Caesar's Restaurant* v. *Ind. Acc. Com.* (1959) 175 Cal.App.2d 850, 855 [1 Cal.Rptr. 97]; *Kaiser Co.* v. *Industrial Acc. Com.* (1952) 109 Cal. App.2d 54, 57-58 [150 P.2d 562]; *DeMartini* v. *Industrial Acc. Com.* (1949) 90 Cal.App.2d 139, 148 [202 P.2d 828]; *Massachusetts etc. Ins. Co.* v. *Ind. Acc. Com.* (1946) 74 Cal.App.2d 911, 913 [170 P.2d 36]; *Lyydikainen* v. *Industrial Acc. Com.* (1939) 36 Cal.App.2d 298, 304 [97 P.2d 993]; *People* v. *Barker* (1938) 29 Cal.App.2d Supp. 766, 770 [77 P.2d 321]; 61 Ops.Cal.Atty.Gen. 46, 50 (1978); 1 Hanna, *supra*, § 1.02[8].)

Due process requires that "'[a]ll parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense.'" (*Massachusetts etc. Ins. Co.* v. *Ind. Acc. Com., supra*, 74 Cal.App.2d at p. 914, quoting from *Interstate Commerce Com.* v. *Louisville & N.R. Co.* (1913) 227 U.S. 88 [57 L.Ed. 431, 33 S.Ct. 185]; and see *Redner* v. *Workmen's Comp. Appeals Bd., supra*, 5 Cal.3d 83, 93; *Allied Comp. Ins. Co.* v. *Ind. Acc. Com.* (1961) 57 Cal.2d 115, 121 [17 Cal.Rptr. 817, 367 P.2d 409]; *Fireman's Fund Indem. Co.* v. *Ind. Acc. Com.* (1963) 223 Cal.App.2d 350, 351-353 [35 Cal.Rptr. 729].) Due process also requires that the parties be informed of the scope and purpose of any section 5803 proceeding such as will enable them to carry out their other due process rights.

(*United States Pipe & Foundry Co.* v. *Industrial Acc. Com.* (1962) 201 Cal.App.2d 545, 551-552 [20 Cal.Rptr. 395].)

■ Unfortunately, in this case the board's rush to judgment has led it far afield of the essentials of due process. If this case is a measure, the board—despite its sheaf of rules of practice and procedure (Cal. Admin. Code, tit. 8, §§ 10300-10957; Lab. Code, § 5307)—operates in an essentially structureless environment where the vigilance of the petitioning and responding parties provides the only insurance against the arbitrary and capricious denial of due process.

The WCAB has asserted an invalid reason for the medical examination of Harris. It has failed to give notice to the parties of the relevance of Harris' examination to reopening his case measured by the good cause criteria of section 5803. It has failed to give the parties the right to introduce rebuttal evidence. Such failures violate the procedural requirements of section 5803 and of due process of law.

The WCAB also asserts that its reconsideration action was justified as pursuant to Harris' May 1, 1978, petition to maintain jurisdiction for the purpose of examining the claim that Harris had suffered a new and further disability, a separate ground for reopening based upon Labor Code section 5410. We do not reach this issue for it is plain that the WCAB action was not taken pursuant to such petition.

Let a peremptory writ of mandate issue directing the WCAB not to proceed to reopen Harris' settlement except for good cause as required by Labor Code section 5803; to inform the parties of the ground of good cause upon which it seeks to take or consider additional evidence; and to afford the parties the opportunity to cross-examine witnesses and present rebuttal evidence upon the noticed ground.

Puglia, P. J., and Janes, J.,* concurred.

A petition for a rehearing was denied April 23, 1980, and the petition of respondent Workers' Compensation Appeals Board for a hearing by the Supreme Court was denied May 28, 1980.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.