[No. H000223. Sixth Dist. May 8, 1985.]

GOVERNING BOARD OF THE ALUM ROCK UNION ELEMENTARY
SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
DELFINO GARZA, Real Party in Interest.

Counsel

James E. Mesnier and Kronick, Moskovitz, Tiedemann & Girard for Petitioner.

No appearance for Respondent.

Diane Ross, Raymond L. Hansen, Kirsten L. Zerger, Ramon E. Romero and Christine Bleuler for Real Party in Interest.

Opinion

**BRAUER, J.**—The Governing Board of the Alum Rock Union Elementary School District (Governing Board), rejecting the recommendation of an administrative law judge, decided not to rehire Delfino Garza, a probationary teacher, for the following school year. Garza filed a petition for administrative mandate in respondent superior court. In the course of a deposition, Governing Board member Albert refused on advice of counsel to answer two questions the thrust of which was whether Albert had read a transcript of the hearing before the administrative law judge before she voted not to rehire Garza. On Garza's motion respondent court ordered Albert to answer, with the proviso that she be asked whether she had *reviewed,* rather than whether she had *read,* the transcript.

The Governing Board petitioned for a writ of mandate to review respondent court's order. On February 19, 1985, we notified the parties that we would consider issuing a peremptory writ of mandate in the first instance and asked counsel for Garza to serve and file points and authorities in opposition to the Governing Board's petition. We have received and considered Garza's opposition and a reply to the opposition filed by the Governing Board. ██ We conclude that even as modified by respondent court Garza's deposition questions to Albert were improper in light of principles stated in *United States* v. *Morgan* (1941) 313 U.S. 409, 422 [85 L.Ed. 1429, 1435, 61 S.Ct. 999], and reiterated in *City of Fairfield* v. *Superior Court* (1975) 14 Cal.3d 768, 779 [122 Cal.Rptr. 543, 537 P.2d 375]. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

The allegations on which the decision not to rehire Garza was based are not important to our disposition of this matter. In early 1984 he was notified by the superintendent that it had been recommended that his services would not be required for the 1984-1985 school year. Garza asked for and received a hearing before an administrative law judge, who made findings and concluded that "[c]ause does not exist . . . not to reemploy respondent . . . ."

The superintendent nevertheless recommended to the Governing Board that Garza not be rehired. The Governing Board met in closed session and voted four to one not to rehire Garza; it filed a formal written decision which incorporated findings of fact. Garza then filed his petition for administrative mandate.

From the beginning Garza's theory has been that the Governing Board's decision was invalidated by the members' failure "to review the transcribed proceedings and the record in overruling the Administrative Law Judge's decision." In due course Garza noticed depositions of the members of the Governing Board. Member Albert was the first to be deposed. After acknowledging that she had voted against Garza, Albert refused to answer the following two questions: "Prior to registering that vote, did you read the transcript of the administrative hearing held in this matter? [¶] Prior to the meeting held by the Board to consider, among other things, Mr. Garza's dismissal, did you see any copies of the transcript of the administrative hearing held in the Garza case?"

The questions were certified. A motion to compel Albert to answer was filed. In due course respondent court ordered Albert to answer the questions "PROVIDED that both questions are modified to include the word 'review'

instead of 'read.'" (The word "read" does not appear in the second question.) This writ proceeding followed.

The Governing Board acknowledges that its proceedings were subject to the California Administrative Procedure Act, including subdivision (c) of Government Code section 11517, which provides in relevant part that "If the [hearing officer's] proposed decision is not adopted . . ., the agency itself may decide the case upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same hearing officer to take additional evidence. By stipulation of the parties, the agency may decide the case upon the record without including the transcript." The Governing Board did "itself . . . decide the case," without taking additional evidence and without reference back to the administrative law judge; there was no stipulation to dispense with the transcript. In these circumstances the Governing Board was obliged to "make an independent examination of the record" sufficient to "achieve a substantial understanding" of it. (*Allied Comp. Ins. Co.* v. *Ind. Acc. Com.* (1961) 57 Cal.2d 115, 119-120 [17 Cal.Rptr. 817, 367 P.2d 409].) Garza argues that his questions to Albert were calculated simply to determine whether the Governing Board had discharged its duty to review the record.

But at the same time it is well settled that "in a quasi-judicial proceeding in California, the administrative board should state findings. If it does, the rule of *United States* v. *Morgan, supra,* 313 U.S. 409, 422 . . . precludes inquiry outside the administrative record to determine what evidence was considered, and reasoning employed, by the administrators. [Citation.]" (*City of Fairfield* v. *Superior Court, supra,* 14 Cal.3d 768, 779; see also *State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 258 [115 Cal.Rptr. 497, 524 P.2d 1281].) The basis for the rule is well stated in *Morgan,* where the Secretary of Agriculture, in deposition, had been "questioned at length regarding the process by which he reached" the administrative decision in issue. The United States Supreme Court said that "the short of the business is that the Secretary should never have been subjected to this examination. The proceeding before the Secretary 'has a quality resembling that of a judicial proceeding.' [Citation.] Such an examination of a judge would be destructive of judicial responsibility. We have explicitly held in this very litigation that 'it was not the function of the court to probe the mental processes of the Secretary.' [Citation.] Just as a judge cannot be subjected to such a scrutiny, . . . [citation] so the integrity of the administrative process must be equally respected. [Citation.]" (*United States* v. *Morgan, supra,* 313 U.S. 409, 422 [85 L.Ed. 1429, 1435].)

It is undisputed that the proceedings before the Governing Board were quasi-judicial and that the Governing Board stated findings. Garza argues

that he was seeking not to probe mental processes but rather to determine whether procedural requirements were met. We cannot accept the proposed distinction. The questions put to Albert impermissibly tended to compromise the administrative process, and Albert should not have been required to answer them, even in their modified form.

Nor were the questions reasonably calculated to lead to the discovery of admissible evidence (Code Civ. Proc. § 2016, subd. (b); cf. *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 172-173 [84 Cal.Rptr. 718, 465 P.2d 854]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 372 [15 Cal.Rptr. 90, 364 P.2d 266]): Their inevitable tendency would be to lead deeper into the very inquiry which *Morgan* and its progeny proscribe.

Because of the conclusion we reach we deem it unnecessary to discuss the parties' other contentions.

Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order, made and filed on December 6, 1984, in action number 554081, Garza v. Governing Board of the Alum Rock Union Elementary School District, compelling Jeanne T. Albert to answer specified deposition questions, and to enter a new order denying Delfino Garza's motion to compel answers to questions at deposition.

Panelli, P. J., and Agliano, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied August 22, 1985. Reynoso, J., was of the opinion that the petition should be granted.