

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 23, 1963

Honorable Jules Damiani, Jr.          Opinion No. C- 63
Criminal District Attorney
Galveston County                      Re:  Whether the Commissioners
Galveston, Texas                           Court has authorization
                                           to establish an industrial
                                           oil and gas and public
                                           utilities appraisal depart-
Dear Mr. Damiani:                          ment.

        In your request for an opinion from this office, you
submit certain facts which we quote as follows:

        "The Galveston County Tax Assessor and
        Collector recently requested the Commissioners
        Court for the County of Galveston to enter in-
        to a contract with an appraisal firm to assist
        him in the appraisal and assessment of oil and
        gas, public utilities and industrial properties.
        The Commissioners Court declined to enter into
        any contract with an appraisal firm and on March
        19, 1963, at a regular meeting of the Commissioners
        Court the Commissioners Court voted to set up an
        industrial oil and gas and public utilities ap-
        praisal department under the supervision of the
        County Commissioners Court to assist the Board
        of Equalization and to work with the County Tax
        Assessor and Collector's office.

        "After the creation of this particular
        department, the Court voted to hire an engineer
        to head this particular department at an annual
        salary of $13,500.00. This engineer is not res-
        ponsible to the Tax Assessor and Collector and
        is not a tax office employee or deputy. . . .

        "It is understood that the hiring of this
        particular engineer will in no way usurp the
        authority of the Tax Assessor and Collector who

-306-

has the specific duty to assess all properties. . ."

With regard to these facts you ask two questions which we list as follows:

"Whether the Commissioners Court has authorization to establish an industrial oil and gas and public utilities appraisal department.

"Whether the Commissioners Court is authorized to hire an eigineer for the appraisal of industrial oil and gas and public utilities properties as an aid to the Commissioners Court sitting as a Board of Equalization."

Under Section 18 of Article V of the Texas Constitution, Commissioners' Courts are courts of limited jurisdiction, having no authority except as is expressly or impliedly conferred. Von-Rosenberg v. Lovett, 173 S.W. 508 (Civ.App. 1915); Miller v. Brown, 216 S.W. 452 (Civ.App. 1919) and Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918). Also the authority to create such a department is not conferred by the terms of Article 2351, Vernon's Civil Statutes, which specifies the general powers and duties of Commissioners' Courts.

Since the Commissioners' Court has no express authority to establish an industrial oil and gas and public utilities appraisal department, it cannot rely on its implied power for authorizing the creation of this department. In Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948), the Supreme Court stated:

"The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.' . . .While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes."

For other cases denying the use of implied powers in absence of a statute, see Lasater v. Lopez, 110 Tex. 179, 217 S.W.

373 (1919); Moon v. Alred, 277 S.W. 787 (Civ.App. 1925, error dism. w.o.j.); Hill v. Sterrett, 252 S.W.2d 766 (Civ.App. 1952, error ref. n.r.e.).

Attorney General's Opinion O-4557 (1942) held that in the absence of express or implied authority, the Commissioners' Court of Tarrant County could not legally employ a Board of Equalization composed of skilled experts to value for taxation purposes property in the county. Consequently, in the absence of express constitutional or statutory authority, we must hold the act of the Commissioners' Court in establishing an industrial oil and gas and public utilities appraisal department, headed by an engineer not responsible to the Tax Assessor and Collector, is ultra vires and void.

Section 18 of Article V of the Texas Constitution provides in part as follows:

"Each County shall. . .be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for four years. . .The county commissioners so chosen with the County Judge, as presiding officer, shall compose the County Commissioners Court. . . ."

Section 18, Article VIII of the Texas Constitution, provides as follows:

"The Legislature shall provide for equalizing as near as may be, the valuation of all property subject to or rendered for taxation, (the County Commissioner's Court to constitute a board of equalization); and may also provide for the classification of all lands with reference to their value in the several counties."

The Texas Constitution also provides that "Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." Section 1, Article VIII.

Also the statutory law places upon the Commissioners' Court sitting as the County Equalization Board a heavy responsibility. Section 1 of Article 7206 of Vernon's Civil Statutes, provides as follows:

"They shall cause the assessor to bring
before them at such meeting all said assess-
ment lists, books, etc., for inspection, and
see that every person has rendered his property
at a fair market value, and shall have power
to send for persons, books and papers, swear and
qualify persons, to ascertain the value of such
property, and to lower or raise the value on the
same."

Article 7212 of Vernon's Civil Statutes, states in
part:

"The boards of equalization shall have
power, and it is made their official duty,
to supervise the assessment of their respective
counties, and, if satisfied that the valuation
of any property is not in accordance with the
laws of the State, to increase or diminish the
same and to affix a proper valuation thereto,
as provided for in the preceding article; and,
when any assessor in this State shall have fur-
nished said court with the rendition as provided
for in the preceding article, it shall be the
duty of such court to call before it such per-
sons as in its judgment may know the market
value or true value of such property, as the
case may be, by proper process, who shall tes-
tify under oath the character, quality and quan-
tity of such property, as well as the value there-
of. Said court, after hearing the evidence shall
fix the value of such property in accordance with
the evidence so introduced and as provided for in
the preceding article; and their action in such
case or cases shall be final; . . ."

It has been definitely decided by our courts, however,
that the Commissioners' Court has the implied power to employ
independent assistants to assist in arriving at the value to be
fixed by the Commissioners' Court as a Board of Equalization
where technical or special knowledge is necessary and which know-
ledge the Commissioners' Court would not be presumed to possess,
such for example as oil property or any other type of property
in which skilled or technical knowledge is necessary in order to
attain a fair valuation. One of the first cases to consider the
authority of the Commissioners' Court to employ outside help in
valuating property is Roper v. Hall, 280 S.W. 289 (Tex.Civ.App.
1926), in which the court held that the Commissioners' Court of

Freestone County had authority to make a contract with a
private individual to list owners of all producing oil and
gas properties within the county and make a valuation of all
pipelines, refineries, tank farms, tankage, etc., used in
connection with oil and gas development including transportation
facilities.  The court based its decision upon the premise that
the value of the particular kind of property involved could not
have been determined by one who possessed only ordinary know-
ledge as to such property and hence the court had the implied
authority to secure the services of an expert as to the value of
such property.  The court was careful to point out, however,
that the contract precluded the possibility that the expert would
perform any of the duties imposed by law on the Tax Assessor-
Collector or the Board of Equalization, stating that the purpose
of the contract was merely to aid such officers in the perform-
ance of their duties.  The next case in which the court had
occasion to consider the power vested in a taxing authority to
employ assistants in arriving at fair appraisals is Simkins v.
City of Corsicana, 86 S.W.2d 792 (Tex.Civ.App. 1935).  In this
case the court said:

> "We know of no valid reason why a tax
> board cannot employ an expert to assist it in
> arriving at the true value of taxable property,
> and when such expert has been employed the board
> should have a right to take into consideration
> the information so furnished by him in ascertaining
> the true value of property for tax purposes. . .
> But it must be remembered that such experts so
> employed bear no official relationship to the
> property owner and have no statutory authority to
> fix the value at which the property is to be as-
> sessed. . ."

The same problem was later presented and ruled upon in
the case of Marquart v. Harris County, 117 S.W.2d 494 (Tex.Civ.
App. 1938, error dism.), and the contract considered in that case
was condemned by the court because of its broad application to
all of the taxable property in the county and, in effect, super-
seded the statutory powers of the Tax Assessor-Collector.  The
case followed, however, the previous decisions that contracts of
employment of experts to aid in valuing certain types of property
were legal and constituted an appropriate expenditure of public
funds.

Another case to consider this problem is Crosby v.
P. L. Marquess and Co., 226 S.W.2d 461 (Tex.Civ.App. 1950, error

ref. n.r.e.), which case upholds the validity of an appraisal and valuation contract which had been entered into by the trustees of the Kuntz Independent School District and P. L. Marquess and Company. This case went further than any prior case in upholding the validity of a contract to appraise property in behalf of a taxing district. The most recent case concerned with this problem is Pritchard and Abbott, et al. v. McKenna, 162 Tex. 617, 350 S.W.2d 333 (1961). In this case the Supreme Court reversed the First Court of Civil Appeals, and following the reasoning of Roper v. Hall, 280 S.W. 289 (Civ.App. 1926); Federal Royalty Co. v. State, 42 S.W.2d 670 (Civ.App. 1931), and Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 (1955), held that "while the Commissioners' Court is not expressly clothed with constitutional or statutory authority to contract with a private firm for the appraisal of all property in the county, that authority is implied from the powers that have been expressly granted to and the duties imposed upon that body by law." (Emphasis added).

On the basis of the foregoing authorities, you are advised that the Commissioners' Court is authorized to hire an engineer for the appraisal of industrial oil and gas and public utilities properties as an aid to the Commissioners' Court sitting as a Board of Equalization.

### S U M M A R Y

The Commissioners' Court does not have the express or implied authority to establish an independent industrial oil and gas and public utilities appraisal department. However, the Commissioners' Court is authorized to hire an engineer for the appraisal of industrial oil and gas and public utilities properties as an aid to the Commissioners' Court sitting as a Board of Equalization.

Sincerely,

WAGGONER CARR
Attorney General

By: I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
John Reeves
H. Grady Chandler
Albert Pruitt

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone