**Reversed and Remanded and Opinion filed December 22, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00904-CV

**ONE THOUSAND SIX HUNDRED FOUR DOLLARS & NINE CENTS ($1,604.09) IN U.S. CURRENCY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 11-06-20924**

## O P I N I O N

This is an appeal from a trial court's order granting summary judgment in a civil forfeiture case. Quincy Deshan Butler, the individual from whom the money was seized, raises two issues on appeal. In his first issue, Butler argues the trial court erred in granting summary judgment. We agree because the State did not meet its burden to prove conclusively that the money was contraband, and it did not move for summary judgment on the necessary element of probable cause. We

therefore reverse the judgment and remand for further proceedings.

## BACKGROUND

According to the evidence accompanying the State's summary judgment motion, Waller County Sheriff's Deputy Wade Clark received a call from dispatch instructing him to "be on the lookout" for a suspect involved in a shooting in Bryan, Texas. Dispatch described the suspect as an African-American male driving a white Chevrolet Malibu and told Deputy Clark that the suspect might be headed toward Houston. Deputy Clark observed a car matching the description and pursued it in an attempt to conduct a traffic stop. After exiting the highway, the suspect came to a stop and parked the car. Deputy Clark got out of his patrol car and began to give commands to the suspect, but the suspect drove off. The suspect led Deputy Clark on a high-speed chase, which was eventually joined by other law enforcement officers, before leaving the road and coming to a stop at a drainage ditch. The suspect was taken into custody and identified as Quincy Deshan Butler.

Officers recovered $1,604.09 from Butler, and a .45 caliber handgun and a plastic bag containing approximately 26 grams of cocaine from the car. In June 2011, the State filed a notice of seizure and intended forfeiture of the $1,604.09, alleging the money was contraband and subject to forfeiture. Butler filed an answer later that month. In August 2013, Butler pled guilty to possession of a controlled substance and evading arrest with a vehicle.

The State filed a traditional motion for summary judgment in the forfeiture case in June 2014. Butler did not file a response to the State's motion or an affidavit attesting to the source of the money. Instead, Butler filed a motion for continuance requesting additional time to conduct discovery and a motion requesting enlargement or extension of time to respond to plaintiff's motion for

2

summary judgment.[1]  The trial court granted the State's motion for summary judgment but did not expressly rule on Butler's motions.  This appeal followed.

ANALYSIS

In his first issue, Butler argues that the trial court erred in granting the State's motion for summary judgment because the State failed to provide conclusive evidence establishing a nexus between the money and a drug-related felony or establishing that the money was otherwise proceeds derived from a drug-related felony.

## I.  Standard of review

We review a trial court's grant of summary judgment de novo.  *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010).  A traditional motion for summary judgment is properly granted if the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Gastar Exploration Ltd. v. U.S. Specialty Ins. Co.*, 412 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).  We view the evidence and reasonable inferences therefrom in the light most favorable to the non-movant.  *White v. Tackett*, 173 S.W.3d 149, 151 (Tex. App.—Fort Worth 2005, no pet.).  Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact.  *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

With a traditional motion for summary judgment, even if the non-movant fails to respond to the motion, the movant must establish an entitlement to summary judgment as a matter of law.  *Shafighi v. Texas Farmers Ins. Co.*, No. 14-12-00082-CV, 2013 WL 1803609, at *4 (Tex. App.—Houston [14th Dist.] Apr.

---

[1] Both motions cited to the Federal Rules of Civil Procedure rather than the Texas Rules of Civil Procedure.

3

30, 2013, no pet.) (mem. op., not designated for publication). Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the proof necessary to establish the movant's right to traditional summary judgment. *Id.*

## II. Applicable law

Property that is contraband is subject to seizure and forfeiture by the State. Tex. Code Crim. Proc. Ann. art. 59.02(a) (West Supp. 2015). Contraband includes property of any nature (whether real, personal, tangible, or intangible) that is either (1) used or intended to be used in the commission of any felony under Chapters 481 or 483 of the Health and Safety Code; or (2) the proceeds gained from the commission of a felony listed in paragraph (A) or (B) of article 59.01(2).[2] Tex. Code Crim. Proc. Ann. art. 59.01(2)(B)(i)–(ii), (C) (West Supp. 2015).

The Supreme Court of Texas also requires that the State show probable cause exists for seizing property. *See Fifty–Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987). It is that link, or nexus, between the property to be forfeited and the statutorily defined criminal activity that establishes probable cause, without which the State lacks authority to seize a person's property. *Id.* (citing Tex. Const. art I, § 9). In the context of a forfeiture proceeding, probable cause is a "reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute." *Id.* The State does not have to prove, however, that a specific crime was committed. Tex. Crim. Proc. Code Ann. art. 59.05(d) (West 2006) ("A final conviction for an underlying offense is not a requirement for forfeiture under this chapter.").

---

[2] In its notice of seizure, the State did not allege that money satisfied any of the other definitions of contraband contained in the statute.

4

Forfeiture proceedings are tried in the same manner as other civil cases, and the State has the burden to prove by a preponderance of the evidence that the property in question is subject to forfeiture. Tex. Code Crim. Proc. Ann. art. 59.05(b) (West 2006). The State must prove that it is more reasonably probable than not that the seized currency was either intended for use in, or derived from, one of the offenses listed in the forfeiture statute. *$9,050.00 in U.S. Currency v. State*, 874 S.W.2d 158, 161 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

The State may meet its burden of proof by presenting sufficient circumstantial evidence. *State v. $11,014.00*, 820 S.W.2d 783, 785 (Tex. 1991). When relying on circumstantial evidence, the State must offer evidence that raises more than a mere surmise or suspicion regarding the source of the money. *$7,058.84 in U.S. Currency v. State*, 30 S.W.3d 580, 586 (Tex. App.—Texarkana 2000, no pet.). The State is not required to exclude every possible means by which an individual might have acquired the money. *Id*. The court may draw any and all reasonable inferences from the circumstances shown by the evidence. *Id*.

## III. The State did not move for summary judgment and offer conclusive evidence on all essential elements of forfeiture.

Applying these principles, we conclude that the State failed to meet its burden to establish it was entitled to judgment as a matter of law. In its motion for summary judgment, the State asserts the money is contraband because it was "used or intended to be used in" the felony offense of "possession with intent to deliver cocaine," or alternatively that the money is "the proceeds gained from the commission of delivery of cocaine." The summary judgment evidence on this issue, however, is scant. Butler was pulled over because he was a suspect in a shooting, not in a crime involving narcotics. The State points to the 26 grams of cocaine and the firearm found in the car after Butler was taken into custody with

5

the money, and to Butler's three prior convictions for felony drug offenses.[3] The State does not explain how these facts conclusively show that the money was "used or intended to be used" in the *possession* of cocaine, however. As to proceeds, although the proximity of money to drugs is certainly some circumstantial evidence from which a fact-finder could infer that the money is proceeds gained from the previous delivery of other drugs,[4] the State has cited no cases holding that such an inference is conclusive evidence entitling the State to summary judgment. On these facts, as explained further below, we conclude the inference is not conclusive evidence that the money is contraband.

Moreover, the State did not move for summary judgment on the required element of probable cause. The only ground the State raised in the motion is that the property was contraband. The State failed to address how its evidence conclusively demonstrates a reasonable belief that a substantial connection exists between the property to be forfeited and any criminal activity. *See Fifty–Six Thousand Seven Hundred Dollars in U.S. Currency*, 730 S.W.2d at 661. Accordingly, the State is not entitled to summary judgment. *See Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim.").

The State relies on *Vasquez v. State*, No. 01-04-01221-CV, 2006 WL 2506965 (Tex. App.—Houston [1st Dist.] Aug. 31, 2006, pet. denied) (mem. op., not designated for publication), a case from our sister court addressing a challenge to the legal sufficiency of the evidence to support the trial court's finding of fact—

---

[3] No party objected to the use of Butler's prior convictions as summary judgment evidence.

[4] *See Approximately $31,421.00 v. State*, No. 14-14-00385-CV, 2015 WL 7730827, at \*3 (Tex. App.—Houston [14th Dist.] Nov. 24, 2015, no pet. h.).

following a bench trial—that certain seized funds were contraband. *Id.* at \*2. The court of appeals reviewed the following five factors in concluding that the State offered more than a scintilla of evidence from which the trial court could reasonably infer that the funds were contraband: (1) the proximity of the money to the drugs and to the evidence of drug trafficking; (2) evidence that the money was previously in contact with drugs; (3) suspicious activity consistent with drug trafficking; (4) the amount of money at issue; and (5) the presence of expert testimony indicating that there was probable cause to seize the money subject to forfeiture, e.g., that a substantial connection exists between the property to be forfeited and the criminal activity. *Id.* at \*4.[5]

The State's reliance on *Vasquez* is misplaced. In a challenge to the sufficiency of the evidence supporting an adverse finding at trial, we view the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if reasonable fact-finders could and disregard contrary evidence unless reasonable fact-finders could not. *Id.* at 827. We will reject the legal sufficiency challenge if there is more than a scintilla of evidence to support the finding. *Univ. Gen. Hosp., LP v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550–51 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In a challenge to the trial court's grant of a traditional summary judgment, however, we view the evidence and its reasonable inferences in the light most favorable to the non-movant in determining whether the movant has conclusively proven all elements of its claim or defense. *White*, 173 S.W.3d at 151.

The State's evidence that the money in this case is contraband is more than a

---

[5] *See also Approximately $31,421.00*, 2015 WL 7730827, at \*3.

scintilla but less than conclusive, and thus it cannot support the trial court's summary judgment. As noted above, the State argues in part that the money is contraband because it is "proceeds gained from the commission of delivery of cocaine." In the State's view, there is undisputed evidence that Butler possessed the money while 26 grams of cocaine and a gun were in his car, and therefore, by inference, the money must be proceeds from a previous delivery of other cocaine.

This undisputed circumstantial evidence supports opposing inferences regarding whether the money is or is not proceeds from the delivery of cocaine, however. For example, the record contains evidence that Butler was suspected of involvement in a shooting, and the presence of a gun in proximity to the money could also support an inference that the money was connected to the shooting rather than previous drug sales.

If circumstantial evidence will support more than one reasonable inference, it is for a jury to decide which is more reasonable, subject only to review by the trial court and the court of appeals to assure that such evidence is factually sufficient. *See Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 648 (Tex. App.— Houston [14th Dist. 2003, pet. denied). Circumstantial evidence often requires a fact-finder to choose among opposing reasonable inferences. *Id.* But it is for a fact-finder to consider the circumstantial evidence, weigh witnesses' credibility, and make reasonable inferences from the evidence it chooses to believe. *Id.*; *see also City of Keller*, 168 S.W.3d at 821 ("Even if evidence is undisputed, it is the province of the jury to draw from it whatever inferences they wish, so long as more than one is possible and the jury must not simply guess."); *id.* at 814-15 (noting that reviewing court must consider competing inferences from circumstantial evidence and that undisputed evidence is conclusive if jurors could draw only one logical inference from it).

Viewing the evidence and its reasonable inferences in the light most favorable to the non-movant under the applicable standard of review, we hold that the trial court erred in granting the State's motion for summary judgment in this case. We sustain Butler's first issue.[6]

## CONCLUSION

Having sustained appellant's first issue, we reverse the judgment of the trial court and remand the case for further proceedings.


/s/    J. Brett Busby
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.

---

[6] Given our disposition of Butler's first issue, we need not address his second issue claiming, among other things, that the trial court erred by not granting his motion for continuance to conduct additional discovery. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). Butler also seems to argue in his brief that the trial court erred by not honoring his request for appointment of counsel after his attorney withdrew. Neither the United States Constitution nor the Texas Constitution guarantees a right to counsel in a civil forfeiture suit, however. *Cf.* U.S. Const. amend. VI; Tex. Const. art. I, § 10. The trial court did not err by not appointing counsel for Butler in this case. *Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.).