**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00509-CV**
_____

**$238,980.00 U.S. CURRENCY AND 2008 CHEVROLET MALIBU VIN #1G1ZJ57728F201386 (ARMIN MARTINEZ), Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CV1408178**

## MEMORANDUM OPINION

In a single issue, Armin Martinez contends the trial court erred by granting the State's partial motion for summary judgment and ordering the forfeiture of seized property, $238,980.00 in U.S. Currency and a 2008 Chevrolet Malibu VIN #1G1ZJ57728F201386. Martinez argues: (1) there was no reasonable suspicion or probable cause for the stop that resulted in the seizure of the currency and the vehicle; (2) there was no reasonable suspicion to justify the prolonged detention;

(3) Martinez did not voluntarily or knowingly consent to a search of the vehicle; (4) the State failed to show that there was a reasonable belief at the time of seizure that a substantial connection existed between the property seized and an enumerated offense under Chapter 59 of the Texas Code of Criminal Procedure; (5) the section of the Transportation Code that allegedly formed the basis for the stop is unconstitutionally vague on its face and as applied to Martinez; and (6) genuine issues of material fact preclude summary judgment. We find Martinez's issue and its component arguments are without merit, and we affirm the trial court's summary judgment.

## Summary Judgment Standard of Review

A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party moving for summary judgment must also conclusively prove all elements of its cause of action as a matter of law. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *see* Tex. R. Civ. P. 166a(c). When reviewing a motion for summary judgment, the court takes the non-movant's evidence as true, indulges every reasonable inference in favor of the non-movant, and resolves all doubts in favor of

the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

The non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action on which its motion is based. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Once the party moving for summary judgment has established its right to summary judgment as a matter of law, however, the party opposing the motion must present evidence that raises a genuine issue of material fact to avoid the motion being granted. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review a grant of summary judgment *de novo. Exxon Corp. v. Emerald Oil & Gas Co.,* 331 S.W.3d 419, 422 (Tex. 2010). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c).

### Civil Forfeiture Issues

Contraband is subject to seizure and forfeiture by the State. *See* Tex. Code Crim. Proc. Ann. arts. 59.02(a), 59.03 (West Supp. 2015). The civil forfeiture statute defines "contraband" as property of any nature used or intended to be used in the commission of various enumerated crimes, including any felony under

Chapter 34 of the Penal Code (Money Laundering). *Id.* art. 59.01(2)(B)(iv). The civil rules of pleading apply in forfeiture proceedings. Tex. Code Crim. Proc. Ann. art. 59.05(a) (West 2006). Forfeiture proceedings are tried in the same manner as other civil cases, and the State has the burden to prove by a preponderance of the evidence that the property in question is subject to forfeiture. *Id*. art. 59.05(b).

The issue in an *in rem* civil forfeiture proceeding is whether there is a reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. *State v. One (1) 2004 Lincoln Navigator, VIN # 5LMFU27RX4LJ28242*, No. 14-0692, 2016 WL 3212490, at \*6 & n.9, 8 (Tex. June 10, 2016). The State has the burden to show probable cause existed for seizure of the property. *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987). In the civil-forfeiture context, probable cause is a reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. *State v. Ninety Thousand Two Hundred Thirty–Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013) (quoting *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)) (internal quotations omitted).

Chapter 59 of the Texas Code of Criminal Procedure does not require that the State show lawful seizure as a procedural prerequisite to commencing a Chapter 59 proceeding for civil forfeiture of the property seized. *2004 Lincoln Navigator*, 2016 WL 3212490, at *8-9; *see* Tex. Code Crim. Proc. Ann. arts. 59.01-.04 (West Supp. 2015), art. 59.05 (West 2006), art. 59.06 (West Supp. 2015), arts. 59.07-.10 (West 2006), art. 59.11 (West Supp. 2015), arts. 59.12-.14 (West 2006). In addition to complying with the procedural requirements regarding notification of a forfeiture proceeding, the State's only burden is proving by a preponderance of the evidence that the property is subject to forfeiture. *2004 Lincoln Navigator*, 2016 WL 3212490, at *8; *see* Tex. Code Crim. Proc. Ann. arts. 59.04, 59.05(b).

Our written opinion must address every issue raised and necessary to the disposition of the appeal. *See* Tex. R. App. P. 47.1. But, we may reverse a judgment only for an error that probably caused the rendition of an improper judgment or that probably prevented appellate review of an issue. *See* Tex. R. App. P. 44.1(a). Because the legality of the seizure is not an issue in a civil forfeiture proceeding, Martinez would not be entitled to have the forfeiture judgment reversed because (1) the officer lacked reasonable suspicion or probable cause to stop the vehicle, (2) the officer unreasonably prolonged the detention, (3) the

5

officer lacked effective consent to search the vehicle, or (4) the statute that formed the basis for the initial detention is unconstitutionally vague. *See generally 2004 Lincoln Navigator,* 2016 WL 3212490, at *8-9. Accordingly, we decline to address those arguments in this opinion.[1] *See* Tex. R. App. P. 47.1.

Next, Martinez argues the State failed to show that there was a reasonable belief at the time of seizure that a substantial connection existed between the property seized and an enumerated offense under Chapter 59 of the Texas Code of Criminal Procedure. Also, he argues there is a genuine issue of material fact as to whether there was a substantial connection between the seized property and drug trafficking or money laundering at the time of the seizure. He argues that his statements to the officer are irrelevant because the vehicle and the currency had already been seized when the officer interrogated him. Martinez suggests we may consider only the evidence known to the police when the vehicle was initially detained, but the cases he cites do not concern what evidence is relevant to a determination of whether property is contraband. In *Fifty-Six Thousand and Seven Hundred Dollars in U.S. Currency v. State*, the Court held that mere proximity to small amounts of cocaine and drug paraphernalia was insufficient to establish that

---

[1]This Court addressed the merits of similar arguments and affirmed the trial court's judgment in Martinez's appeal from his conviction for money laundering. *See Martinez v. State*, No. 09-14-00377-CR, 2016 WL 4040118, at *6-11 (Tex. App.—Beaumont, July 27, 2016, no pet. h.).

the currency had been derived from illegal drug sales. *See* 730 S.W.2d at 661-62. Another case, *State v. Thirty Thousand Six Hundred Sixty Dollars and no/100 ($30,660.00) in U.S. Currency*, considered the applicability of a motion to return illegally seized property in a civil forfeiture proceeding. 136 S.W.3d 392, 407-08 (Tex. App.—Corpus Christi 2004, pet. denied). Martinez has not cited a case that holds that evidence acquired in the course of the criminal investigation cannot be considered in determining whether property is contraband, and we decline to do so here.

The summary judgment record includes an affidavit by the deputy sheriff, who stated that he has twelve years of law enforcement experience and he is trained in narcotic interdiction, narcotic investigations, and money laundering.[2] In his affidavit, the officer states that he stopped Martinez in the 2008 Malibu as he travelled south on Highway 59. Martinez told the officer that he was driving from Chicago to Humble to visit his children, that he last made the trip approximately one month before, and he typically made the trip once a month. While the officer was checking the vehicle's plates, however, he confirmed that the vehicle had been

---

[2]Martinez objected to the officer's affidavit in his summary judgment response, but the record does not reflect that the trial court ruled on his objections, and he advances no argument in his appeal that the trial court erred by impliedly overruling his objections. *See* Tex. R. Civ. P. 166a(f); *Dolcefino v. Randolph*, 19 S.W.3d 906, 926-27 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

stopped by a Liberty County Interdiction Unit the previous week. Also, Martinez was not truthful about his arrest history, stating that he had last been arrested on a traffic stop years ago, but the officer determined that Martinez had an active Drug Enforcement Agency case for drug trafficking and money laundering. The officer detected molding compound dust and fresh paint overspray on the front driver's side wheel well and door jamb. The currency was concealed within the front wheel well bumper area in approximately sixteen black electrical taped bundles containing a total of 899 one-hundred-dollar bills, 368 fifty-dollar bills, 6,371 twenty-dollar bills, 220 ten-dollar bills, 211 five-dollar bills, and 5 one-dollar bills.

During a custodial interrogation conducted later that day, Martinez told the officer that he had been approached about making a "money run" to Texas for which he would be paid two thousand dollars payable upon his return to Chicago. Martinez picked up the Malibu, with the keys inside, at a car wash near his residence in Chicago. He knew currency would be in the car and was told to be careful with the front of the vehicle. He was directed to park the Malibu in a parking lot of a store in Humble, place the keys under the floor mat, and take a cab to the airport to fly back to Chicago. Martinez told the officer he believed that he might be delivering the proceeds of drug sales for a cartel.

In his response to the motion for summary judgment and in his appellate brief, Martinez argues the summary judgment evidence fails to establish that the Malibu and the money are contraband because money in and of itself is not illegal and the officer found no drug paraphernalia in the vehicle to suggest that Martinez was drug trafficking. The officer's affidavit establishes that at the time the officer arrested Martinez and took control of the vehicle and the currency, the officer knew that Martinez made frequent trips from Chicago to Houston and on this particular occasion a large amount of currency had been recently concealed in a place on the vehicle that is not intended for storage. The clandestine nature of the transportation of a large sum of money was evident from the manner in which it was concealed in the vehicle. Martinez did not provide an innocent explanation for transporting several hundred thousand dollars in cash in the vehicle's wheel well, and the officer confirmed the circumstantial evidence of money laundering through custodial interrogation. In addition to the appearance of money laundering that is presented by black-taped bundles of cash concealed in a wheel well, there is evidence that Martinez admitted that he was engaged in money laundering when he drove the Malibu to Texas. Because the vehicle and the currency are directly employed in the act of money laundering, the evidence conclusively establishes the

nexus between the property to be forfeited and the statutorily defined criminal activity.

A fact issue exists if circumstantial evidence will support more than one reasonable inference. *One Thousand Six Hundred Four Dollars & Nine Cents ($1,604.09) in U.S. Currency v. State*, 484 S.W.3d 475, 481 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Martinez does not suggest any other reasonable inference that is supported by the circumstantial evidence present in this case. The summary judgment evidence shows that Martinez drove the 2008 Chevrolet Malibu from Illinois to Texas to deliver $238,980.00 in U.S. Currency—the proceeds of drug sales—for a cartel. The summary judgment evidence conclusively establishes that a substantial connection exists between the property at issue in this case and criminal activity. *See 2004 Lincoln Navigator*, 2016 WL 3212490, at *6 & n.9, 8. The property is contraband subject to seizure and civil forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 59.02(a). We overrule issue one and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 29, 2015
Opinion Delivered August 11, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.