

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00120-CV

$7,000.00 U.S. CURRENCY                                              APPELLANT

V.

THE STATE OF TEXAS                                                      APPELLEE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CV08-06-472

----------

## MEMORANDUM OPINION[1]

----------

Carrol Max Weaver appeals from the trial court's order granting appellee the State of Texas judgment as a matter of law in its action for civil forfeiture. *See* Tex. Code Crim. Proc. Ann. art. 59.02 (West Supp. 2017). In three issues, Weaver argues that the forfeiture of the contraband at issue by summary

---

[1]*See* Tex. R. App. P. 47.4.

judgment was error because the State's affidavit was not competent summary-judgment proof, the State failed to conclusively establish each element of its claim for civil forfeiture, and the forfeiture violated his "constitutional rights."

In its brief, the State concedes that the affidavit it submitted in support of its summary-judgment motion was not competent summary-judgment proof because the affiant did not state that the affidavit was based on personal knowledge and because it "relied on hearsay." *See generally $1,604.09 in U.S. Currency v. State*, 484 S.W.3d 475, 478–81 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (applying summary-judgment standard of review to summary, civil-forfeiture judgment and concluding State failed to conclusively establish each essential element of forfeiture through competent summary-judgment proof). The State also recognizes that Weaver raised this infirmity in his response to its motion for summary judgment. The State therefore concludes that the trial court erred by granting summary judgment in its favor and asks this court to remand its civil-forfeiture petition to the trial court for further proceedings. We commend the State for its candor and grant the relief requested in its brief. Accordingly, we sustain Weaver's first issue, reverse the trial court's order granting the State's motion for summary judgment, and remand for further proceedings.[2] *See* Tex. R. App. P. 43.2(d), 43.3(a).

---

[2]Although Weaver asks for the return of the contraband at issue in his brief, he did not move for judgment as a matter of law in the trial court nor did he clearly raise the trial court's failure to render judgment in his favor as an issue on appeal. We cannot render judgment in Weaver's favor in these circumstances.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  December 28, 2017

---

*See 2004 Dodge Ram 1500 TX LP #CPL1988 v. State*, No. 03-14-00704-CV, 2016 WL 4515936, at *2, *5 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op.) (concluding contraband owner not entitled to return of contraband where owner's appellate issues only challenged grant of summary judgment in favor of the State); *cf. Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1998) (explaining if appellate court determines that summary judgment granted in error, appellate court may render judgment if a cross motion for summary judgment was filed). Therefore, we need not address Weaver's remaining two issues challenging the trial court's summary judgment in favor of the State.  *See* Tex. R. App. P. 47.1.