

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00040-CV
_____

MONEY OF THE UNITED STATES IN THE AMOUNT OF $1,217, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 361st District Court
Brazos County, Texas
Trial Court No. 14-003138-CV-361; Honorable Steven Lee Smith, Presiding

November 27, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Elbert Steen, appeals the trial court's order granting the State's motion for summary judgment and forfeiting money seized pursuant to chapter 59 of the Texas Code of Criminal Procedure.[1]  In his sole issue, Steen argues that the trial court erred in

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between the precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

granting summary judgment because the State did not prove, as a matter of law, that the money was contraband. We agree and, therefore, reverse the judgment and remand the cause to the trial court for further proceedings.

BACKGROUND

As the result of a traffic stop on December 5, 2014, City of Bryan police officers arrested Steen for possession of marijuana, PCP, ecstasy, and crack cocaine. The officers seized the drugs and $1,217 in Steen's possession. The State subsequently filed a notice of seizure and intended forfeiture of the money, asserting that it was contraband used or intended to be used in the commission of a felony-drug offense or proceeds gained or property acquired from the commission of a felony-drug offense. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(B)(i), (C), (D) (West 2018). Attached to the State's notice was the affidavit of Officer Jean Guzman concerning the seizure of the money. *See id.* at art. 59.04(b) (West 2018). Steen answered the State's notice.

The State later moved for summary judgment on its forfeiture claim relying on Guzman's affidavit and Steen's resulting convictions for possession of a controlled substance. According to Guzman's affidavit, he and Officer Ruebush stopped Steen's vehicle after observing him make two traffic violations. When Guzman approached the car, he smelled marijuana and saw marijuana on Steen's clothes and inside the car. Upon being questioned, Steen stated that he did not "smoke at all," but later admitted he had marijuana in his possession. Steen then handed Guzman less than one gram of marijuana. The officers arrested Steen for possession and searched his person. As a result of the search, they found a travel-sized bottle of mouthwash containing approximately seven grams of liquid PCP, a small plastic container containing six pills of

2

ecstasy weighing 1.4 grams, and $1,217 in cash. Guzman also searched Steen's vehicle and found a crack cocaine "cookie," weighing 4.6 grams, and a small knife with white residue on the blade in a pocket of the driver-side door.

Guzman attested that based on these circumstances, his training, and his experience, he believed Steen was a narcotics dealer and that the $1,217 were proceeds from the sale of narcotics. According to Guzman, the amount of PCP, ecstasy, and crack cocaine found in Steen's possession was more than the amount typically carried by drug users. Further, Guzman knew PCP dealers to store and carry PCP in travel-sized mouthwash bottles. Guzman attested that PCP users will smoke cigarettes dipped in PCP. Although Guzman observed flakes of tobacco in Steen's PCP bottle, the officers did not find any cigarettes in Steen's possession and Steen claimed that he did not smoke. Guzman added that crack dealers often carry small knives to cut crack cookies into small rocks to sell. The officers found a small knife with white residue near the crack cookie but did not find a crack pipe in Steen's possession. Finally, Guzman noted that Steen's large physical appearance did not match the typical thin appearance of drug users.

The affidavit states that Officer Ruebush found three bundles of cash, containing bills of twenty dollars or less, in Steen's pockets. Guzman attested that drug dealers will usually carry large amounts of cash in small denominations. Steen reportedly told the officers that he "works for Neutral Posture,"[2] and the officers found an uncashed check from Neutral Posture in Steen's pocket. The check was dated December 5, 2012, in the amount of $423.41.

---

[2] No party objected to the use of hearsay as summary judgment evidence.

According to the affidavit, Steen was charged with manufacture or delivery of more than four grams but less than 200 grams of PCP,[3] more than one gram but less than four grams of ecstasy,[4] and more than four grams but less than 200 grams of cocaine.[5] Steen was also charged with possession of marijuana under two ounces.[6] Guzman's affidavit alleged that Steen has had five prior convictions for manufacture or delivery of a controlled substance since 1998.

Steen did not file a response to the State's motion for summary judgment. The trial court granted the motion and forfeited the $1,217 to the State. On appeal, Steen argues that the trial court should not have granted summary judgment because the State did not conclusively prove that the money was proceeds from the sale of narcotics.

STANDARD OF REVIEW

We review a trial court's summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional motion for summary judgment, a movant must prove that there is no genuine issue regarding any material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Walters v. Livingston,* 519 S.W.3d 658, 665 (Tex. App.—Amarillo 2017, no pet.). To meet this burden, the movant must conclusively establish every essential element of its cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589

---

[3] TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d) (first degree felony) (West 2017), 481.102(8) (West Supp. 2018) (penalty group 1).

[4] TEX. HEALTH & SAFETY CODE ANN. §§ 481.113(c) (second degree felony) (West 2017), 481.103(a)(1) (West Supp. 2018) (penalty group 2).

[5] TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d) (first degree felony), 481.102(3)(D) (penalty group 1).

[6] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (Class B misdemeanor) (West 2017).

4

S.W.2d 671, 678 (Tex. 1979). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take all evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985).

APPLICABLE LAW

Property that is "contraband" is subject to seizure and forfeiture. *See* TEX. CODE CRIM PROC. ANN. art. 59.02(a) (West 2018). Contraband, as relevant here, is defined as property used in or proceeds gained from the commission of any felony under chapter 481 of the Health and Safety Code. *See id.* at art. 59.01(2)(B)(i), (C), (D). In a forfeiture proceeding, the State has the burden of proving by a preponderance of the evidence that there was probable cause for seizing a person's property and that the property is contraband. *See id.* at art. 59.05(b) (West 2018); *State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991). Probable cause in this context is a reasonable belief that a substantial connection exists between the property and the criminal activity defined by chapter 59. *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State,* 730 S.W.2d 659, 661 (Tex. 1987).

The State may meet its burden of proof by presenting direct or circumstantial evidence. *See Spurs v. State,* 850 S.W.2d 611, 614 (Tex. App.—Tyler 1993, writ denied). A final conviction for an underlying offense is not a requirement for forfeiture. *See* TEX. CODE CRIM PROC. ANN. art. 59.05(d).

5

ANALYSIS

Reviewing the State's evidence under the summary judgment standard discussed above, we find that the State did not conclusively prove that the seized money was contraband.

In its summary judgment motion, the State claimed the $1,217 was subject to forfeiture because "the money seized was the proceeds from [Steen's] illegal narcotics trade." *See* TEX. CODE CRIM PROC. ANN. art. 59.01(2)(C). The State did not, however, present uncontroverted evidence that the money was gained from the sale of narcotics. Instead, it relied on the circumstantial evidence presented in the affidavit of Officer Guzman and it asked the trial court to take judicial notice of Steen's resulting convictions. Guzman opined that Steen was a drug dealer and that the money was proceeds from the sale of drugs based on the amount of narcotics in Steen's possession, the travel-sized mouthwash bottle Steen used to store the PCP, Steen's knife with white residue on the blade, Steen's possession of a large amount of cash in small bills, Steen's lack of drug-use paraphernalia, Steen's physical appearance, and Steen's prior convictions for manufacture or delivery of narcotics.

However, Guzman's affidavit also presented some evidence that the money was not gained from the sale of narcotics. Steen told the officers that he was employed by Neutral Posture and the officers found a paycheck from the employer in Steen's possession. Taking as true all evidence favorable to Steen, indulging every reasonable inference and resolving any doubts in his favor, a fact finder could reasonably infer that the seized money was compensation from Steen's employment and not proceeds from

6

the sale of narcotics. *See $1,604.09 in U.S. Currency v. State*, 484 S.W.3d 475, 481 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In *$1,604.09 in U.S. Currency,* the appellate court overturned the trial court's summary judgment forfeiting seized money where the circumstantial evidence supported opposing inferences concerning the source of the money. *See $1,604.09 in U.S. Currency*, 484 S.W.3d at 481. There, the appellant was stopped by police officers as a suspect in a shooting and found in possession of 26 grams of cocaine, a firearm, and $1,604.09. *Id.* at 477-78. The appellant also had three prior felony-drug convictions. *Id.* at 479-480. The court of appeals concluded that this evidence was not conclusive evidence that the money was contraband. *Id.* Rather, the appellate court found that the evidence could support more than one reasonable inference regarding the source of the money, such as an inference that the money was connected to the shooting rather than a drug sale. *Id.* at 481.

The evidence in Guzman's affidavit that Steen was employed when he was arrested and the money seized, and the reasonable inferences that arise therefrom, create a fact issue as to whether the money seized was proceeds gained from the commission of a felony. *See Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 648 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("If circumstantial evidence will support more than one reasonable inference, it is for the jury to decide which is more reasonable, subject only to review by the trial court and the court of appeals to assure that such evidence is factually sufficient."). Therefore, the State did not prove it was entitled to forfeiture of the money as a matter of law.

We further note that the State's motion asked the trial court to take judicial notice of Steen's three convictions for possession of a controlled substance resulting from the arrest. The State asserted that by pleading guilty to the charges, Steen judicially admitted to possession of PCP, ecstasy, and cocaine at the time of the seizure. Because those judgments were not made part of the appellate record, that evidence is not properly before this court. *See* TEX. R. APP. P. 34.1, *Brown v. Brown*, 236 S.W.3d 343, 349 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Even so, Steen's admission to possessing narcotics on this date would not have conclusively resolved the fact issue concerning the source of the seized money. *See $2067 in U.S. Currency v. State*, 745 S.W.2d 109, 111 (Tex. App.—Fort Worth 1988, no writ) ("The fact that the forfeited property was found at, or near, the controlled substance does not establish the nexus between the property and the sale or commercial distribution of a controlled substance.").

Having found that the State did not meet its burden of conclusively showing that the seized money was contraband, we need not address whether the State conclusively proved the element of probable cause for seizing the money. *See $1,604.09 in U.S. Currency*, 484 S.W.3d at 480-81 (reversing the trial court's summary judgment where the State failed to address probable cause in its summary judgment motion).

Accordingly, we hold that the trial court erred in granting the State summary judgment because the State did not prove that the seized property was contraband as a matter of law. We, therefore, sustain Steen's issue.

CONCLUSION

We reverse the trial court's summary judgment forfeiting Steen's property to the State and remand the cause for further proceedings.


Per Curiam